Churchill Miller, plaintiff in error, *vs.* The State of Georgia, defendant in error.

1. Penalties prescribed in section 4712 of the Code, for attempts to commit offenses, apply equally whether the indictment be under that section for the attempt, or under some other section for the offense itself and only the attempt be found by the jury.
2. Where the indictment is for simple larceny, and charges the stealing of cattle, a verdict finding the prisoner "guilty of an attempt to commit a simple larceny," is sufficiently certain and comprehensive. It need not expressly acquit of the larceny. The finding of a minor offense operates as an acquittal of the major offense charged.
3. That cattle stealing may be punished as a misdemeanor, when the prisoner is recommended to mercy, does not take it out of the class of offenses punishable, as a general rule, by imprisonment in the penitentiary for a time not less than two years. The latter punishment must be inflicted where the law is left to operate without being softened by a recommendation to mercy. Hence, an attempt to steal cattle is punishable under the third paragraph of section 4712 of the Code.

Criminal Law.    Penalty.    Attempts.    Cattle Stealing.

Before Judge Johnson. Jefferson Superior Court. November Term, 1876.

Miller was placed on trial for the offense of simple larceny. The indictment was as follows: The grand jurors, etc., "charge and accuse Churchill Miller and Ned Bigham, of the county and state aforesaid, with the offense of simple larceny, for that the said Churchill Miller and Ned Bigham, in the county and state aforesaid, on the 24th day of February, 1876, with force and arms, did unlawfully, feloniously, fraudulently, wrongfully, take and carry away from the possession of one J. C. Sheppard, two cows, of the value of $15.00 each, one a pale yellow cow, and the other a black and white cow, with the intent then and there to steal the same, contrary to the laws of said state, etc."

The jury found the defendant guilty of an attempt to commit a simple larceny. He moved that judgment be arrested upon the following grounds:

1. Because the jury could not, under the pleadings in this case, find the defendant guilty of an offense more or less than what is charged in the indictment.

2. Because the law prescribes no penalty for an attempt to commit a simple larceny.

3. Because the verdict is uncertain in this: there are different subject matters of simple larceny, and there are different penalties, whilst the verdict does not specify the subject matter of the larceny, nor does it indicate what penalty shall be inflicted on defendant.

4. Because if it be the meaning of said verdict to find the defendant guilty of an attempt to commit the simple larceny known in the Code as cattle stealing, then there is no penalty for such attempt.

5. Because the penalty for the simple larceny described in this indictment, may be imprisonment in the penitentiary for not less than two nor more than four years, or it may be punished as prescribed in section 4310 of the Code, whereas

there are no penalties for an attempt to commit this larceny which correspond with these two punishments.

6. Because if the offense was actually perpetrated, the defendant cannot be convicted of an attempt to commit it— and that the offense was not actually perpetrated, is a condition precedent to a conviction for an attempt, and it must be expressed in the verdict, that the jury find the accused not guilty of the offense charged in the indictment, in order to authorize the further finding of guilty of an attempt.

The motion was overruled, and the defendant excepted.

CAIN & POLHILL, by brief, for plaintiff in error.

JOHN W. ROBINSON, solicitor general; H. D. D. TWIGGS, for the state.

BLECKLEY, Judge.

1. When, upon an indictment charging an offense, the verdict is for an attempt (as it may be under section 4675 of the Code), the penalty, unless prescribed elsewhere, may be drawn from section 4712, if any of the penalties there enumerated will apply in terms to the case—see 53 *Ga.*, 126. These penalties are not restricted to convictions had upon indictments for attempts, framed under the latter section, but are equally appropriate to convictions where offenses themselves are charged under other sections and only attempts are proved.

2. The indictment charging simple larceny, and setting out the stealing of two cattle, and the verdict being, "We, the jury, find the defendant guilty of an attempt to commit a simple larceny," the verdict means that the prisoner is not guilty of stealing the cattle as charged, but that he is guilty of an attempt to steal them. In other words, it means that he did not commit the specific simple larceny for which he was indicted and tried, but that he attempted to commit it. The verdict is, therefore, sufficiently certain and comprehensive. When only a minor offense is found, the finding,

unless set aside at the prisoner's instance, is a full and complete acquittal of the major offense charged—22 *Ga.*, 546; 26 *Ib.*, 579; 11 *Ib.*, 241; 1 *Kelly*, 227. For this reason, the silence of the verdict on the direct question of the larceny itself, does not vitiate the finding.

3. Cattle-stealing is simple larceny—Code, section 4397. The stealing of one or more cattle is punishable by imprisonment in the penitentiary not less than two, nor more than four years, unless the jury shall recommend the prisoner to mercy, in which case it is punishable as a misdemeanor. *Ib.*, §4399. When the prisoner is *liable* to be punished by imprisonment in the penitentiary, the offense is felony. *Ib.*, §4304. And this is so *prima facie*, even though there may be a discretion to inflict a lower grade of punishment. 39 *Ga.*, 85. There is a penalty prescribed in the third paragraph of section 4712 of the Code, for an attempt to commit an offense punishable with imprisonment in the penitentiary for a time not less than two years. That penalty is, like imprisoment for the term of one year. Therefore, as cattle-stealing is, *prima facie*, felony, punishable with imprisonment in the penitentiary for a time not less than two years, the attempt to steal cattle is punishable by like imprisonment for one year. It may or may not follow, that where the jury find the offense itself and recommend to mercy, the actual stealing would be more lightly punished than a mere attempt to steal could be if the attempt only were found in the same case. But this anomaly, if it exists, is the result of oversight in legislation.* It need not prevent a court from holding that, as a general rule of law, cattle-stealing is punishable with imprisonment in the penitentiary for a time not less than two years. Every case is to be considered subject to this general rule, until taken out of it by a recommendation to mercy. There has been no recommendation to mercy in respect to the particular larceny which the prisoner attempted to commit. If he

---

* The act of 1877, pamph. p. 22, clears up the subject as to future cases.

14

had succeeded in committing it, he would have been liable, on conviction, to be sent to the penitentiary, and if sent at all, his term could not have been less than two years.

The motion in arrest of judgment was properly overruled.

Judgment affirmed.