A93A2043. LESLIE v. THE STATE.
(440 SE2d 757)

BEASLEY, Presiding Judge.

Appellant was indicted for the forcible rape, child molestation, and statutory rape of a female child on or about October 31, 1992.

The victim testified that on the night in question, appellant came into her room while she was sleeping, pulled his and her pants and underclothes down, laid on top of her, held her hands above her head, and inserted his penis in her vagina. Although appellant admitted going into the victim's room and pulling her pants down, he denied raping her. Subsequent forensic investigation failed to detect the presence of spermatozoa, seminal fluid, or pubic hair not consistent with the victim's in her vagina or on her clothing.

The trial court instructed the jury that if from the evidence it was not convinced beyond a reasonable doubt that appellant was guilty of the crimes charged, it would be authorized to consider the lesser included offenses of sexual battery or simple battery and/or criminal attempt. The verdict form listed each of the three lesser-included offenses as options under each of the three indicted crimes.

The jury found appellant guilty of child molestation and not guilty of rape and statutory rape, but as to each of the latter two, guilty of sexual battery, simple battery, and criminal attempt. At sentencing, the trial court merged the lesser included offenses into the child molestation offense and entered judgment and sentence on it.

On appeal, appellant contends that the court erred in not instructing the jury on OCGA §§ 16-1-7 (a) and 16-1-6. In his enumeration of error, he describes this as a failure to instruct the jury to de-

cide which *one* of the offenses charged in the indictment or of the lesser included offenses to find him guilty of, if any; and, if this was not error, so that the multiple verdict was proper, then the court erred by not merging the greater offenses into the least serious offense.

When the same conduct of an accused may establish the commission of more than one crime, the state may prosecute for each crime which his conduct established, although defendant may not be convicted and punished for multiple offenses if one crime is included in the other. OCGA § 16-1-7 (a); *Green v. State*, 170 Ga. App. 594 (2) (317 SE2d 609) (1984); see OCGA § 16-1-6. "Conviction" is not the verdict; it is the judgment on the verdict or guilty plea. OCGA § 16-1-3 (4); Black's Law Dictionary (4th ed. rev. 1968), p. 403. A charge to the jury, that it is only authorized to consider the lesser offense if the defendant be found not guilty of the greater offense, is a correct statement of the law. *Alexander v. State*, 247 Ga. 780, 784 (3) (279 SE2d 691) (1981); *Moore v. State*, 151 Ga. App. 100, 101 (2) (258 SE2d 915) (1979). The lesser included offense merges with the greater. *Johnson v. State*, 195 Ga. App. 723 (1) (394 SE2d 586) (1990); *Green v. State*, 170 Ga. App. 594 (2) (317 SE2d 609) (1984). Compare *Thomas v. State*, 261 Ga. 854 (413 SE2d 196) (1992), involving mutually exclusive crimes.

Consequently, where, as here, the jury by its verdict finds the defendant guilty of multiple offenses arising from the same conduct, the court does not err in convicting and sentencing the defendant for the greater offense after merging the lesser offenses into it.

Appellant relies upon *Moreland v. State*, 183 Ga. App. 113, 115 (2) (358 SE2d 276) (1987), as authority for requiring a jury charge on OCGA §§ 16-1-6 and 16-1-7; his reliance is misplaced. It is true that the court posited that "a set of circumstances could conceivably arise in which the issue of whether one crime was included in another as a matter of fact would itself be a question of fact to be resolved by the jury. In such a case, a proper charge on OCGA § 16-1-6 (1) would undoubtedly be required." However, in this case there was no such issue of fact, as the trial court did not err in refusing to charge these two statutes.

Finally, contrary to appellant's argument, there was no ambiguity in the jury verdict. Thus the rule that defendant is entitled to the benefit of the doubt in the construction of an ambiguous verdict, applied in such cases as *Lindsey v. State*, 262 Ga. 665, 666 (1) (424 SE2d 616) (1993), does not apply.

*Judgment affirmed. Cooper and Smith, JJ., concur.*

DECIDED FEBRUARY 7, 1994.

*John O. Ellis, Jr.*, for appellant.
*J. Tom Morgan, District Attorney, Barbara B. Conroy, Robert M. Coker, Assistant District Attorneys*, for appellee.