A95A0764. CANTRELL v. THE STATE.
(459 SE2d 564)

McMURRAY, Presiding Judge.

Defendant and his co-indictee were jointly tried before a jury, and defendant was found guilty of a single count of possession of cocaine with intent to distribute. He appeals directly from the judgment of conviction and life sentence entered on the jury's verdict. *Held*:

1. In defendant's first enumeration, he contends the trial court erred in refusing to accept a verdict for mere possession of cocaine, under the following circumstances: The trial court instructed the jury on possession of cocaine as a lesser offense included within the indicted offense of possession of cocaine with the intent to distribute. After a period of deliberation, the jury announced a guilty verdict on mere possession of cocaine. The verdict form further recites: "We the jury are unable to reach a verdict on the charge of intent to distribute a controlled substance, cocaine. . . ." The foreman explained "It hadn't been unanimous. We're in disagreement." The trial court refused to accept this verdict and directed the jury to continue deliberations until it reached a verdict as to the indicted offense of possession of cocaine with the intent to distribute, charging them: "[Y]ou must first consider the charge for which they have been indicted." The jury subsequently returned a guilty verdict on the indicted offense and the judgment of conviction was entered on that verdict. Defendant argues "if a verdict contains a finding of guilt as to an offense for which the judge has charged the jury . . . , then . . . the verdict must be accepted," because it is tantamount to an acquittal of any greater offense.

"In *Romine v. State*, 256 Ga. 521 (1), 524 (1, b) (350 SE2d 446), the Supreme Court of Georgia held as follows: '(1) Where a jury is unable to agree on a verdict, that disagreement is not itself a verdict; and (2) whether a jury is hopelessly deadlocked is an evaluation (committed) to the sound discretion of the trial court, subject to appellate review for an abuse of discretion.'" *Tyson v. State*, 217 Ga. App. 428 (1) (457 SE2d 690). "A charge to the jury, that it is only authorized to consider the lesser[-included] offense if the defendant be found not guilty of the greater [indicted] offense, is a correct statement of the

law. *Alexander v. State*, 247 Ga. 780, 784 (3) (279 SE2d 691) (1981)[, overruled in part, *Edge v. State*, 261 Ga. 865 (2), 867 (414 SE2d 463)]; *Moore v. State*, 151 Ga. App. 100, 101 (2) (258 SE2d 915) (1979)." *Leslie v. State*, 211 Ga. App. 871, 872 (440 SE2d 757). In the case sub judice, the special rule of *Edge v. State*, 261 Ga. 865 (2), supra, regarding the sequential charge on felony murder and voluntary manslaughter is not applicable. Rather, the general rule applies, i.e., that the jury is authorized to consider a lesser-included offense only after a verdict is reached on the indicted offense. The statement on this verdict form that the jury is unable to reach a verdict respecting the indicted offense of possession of cocaine with intent to distribute is not itself a verdict of acquittal on that charge. *Romine v. State*, 256 Ga. 521 (1), supra; *Tyson v. State*, 217 Ga. App. 428 (1), supra. It follows that the trial court was authorized to postpone acceptance of any verdict on the lesser-included offense until the jurors had reached a verdict on the indicted offense. Entry of judgment on the subsequent verdict for the greater offense was not error, for the verdict on the lesser-included offense merged. *Leslie v. State*, 211 Ga. App. 871, 872, supra.

2. Defendant was sentenced to life imprisonment under OCGA § 16-13-30 (d). In his second enumeration, he contends the trial court erred in failing to declare unconstitutional the mandatory recidivist sentencing provisions of OCGA § 16-13-30 (d) as applied to African-Americans. This contention is controlled by the recent decision of *Stephens v. State*, 265 Ga. 356 (456 SE2d 560). In *Stephens*, the Georgia Supreme Court rejected a racial discrimination challenge based on statistics, articles, and charts and held "there is a rational basis for the [mandatory recidivist] sentencing scheme in OCGA § 16-13-30 (d) and that it does not deprive persons of due process or equal protection under the law. See *Tillman v. State*, 260 Ga. 801 (400 SE2d 632) (1991); accord *Isom v. State*, 261 Ga. 596 (408 SE2d 701) (1991)." *Stephens v. State*, 265 Ga. 359 (4), supra. This enumeration is without merit.

3. Defendant's final enumeration contends the trial court erred "in refusing to grant the Defendant's motion for continuance . . ." due to alleged *Batson* violations by the State's Attorney in the use of peremptory challenges. The court noted for the record that the qualified venire contained "two [black potential jurors] on a panel of thirty. . . ." The State's Attorney employed only two of ten available peremptory challenges, and struck one of the two black potential jurors because she had "known the [co-defendant] for ten or fifteen years, lived close to her for many years . . . [and may have] knowledge of the [co-defendant's inadmissible reputation] about her being a bootlegger. . . ." The remaining black venireman served on the jury. Defendant moved for a "continuance or in the alternative . . . a

mistrial," contending the State's Attorney used peremptory challenges as a pretext to exclude all blacks from the jury. The trial court was unconvinced that a prima facie case of racial discrimination had been established and further concluded the reasons given by the State's Attorney were sufficiently racially neutral.

"As in any equal protection case, the 'burden is, of course,' on the [party] who alleges discriminatory selection of the venire [or petit jury] 'to prove the existence of purposeful discrimination.' [Cit.] . . . Circumstantial evidence of invidious intent may include proof of disproportionate impact. [Cit.] . . . For example, 'total or seriously disproportionate exclusion of Negroes from jury venires,' [cit.], 'is itself such an "unequal application of the law . . . as to show intentional discrimination."' [Cit.]" *Batson v. Kentucky*, 476 U. S. 79 (III, B) (106 SC 1712, 90 LE2d 69). "[T]he ultimate burden of persuasion regarding racial motivation rests with, and never shifts from, the opponent of the strike. [Cit.]" *Purkett v. Elem*, ____ U. S. ____ (115 SC 1769, 131 LE2d 834). In the case sub judice, however, the use of a peremptory challenge to exclude one of two qualified black venire does not raise any inference of purposeful racial discrimination by the State's Attorney under *Batson v. Kentucky*, supra. It did not result in the total or even the disproportionate exclusion of black venire on account of their race, nor is this single strike such an overwhelming application of peremptory challenges as to authorize the inference of intentional racial discrimination. Since "defendant has presented no 'other relevant circumstances,' [cit.], in support of his claim, and we find none[, the] trial court correctly held the defendant failed to make a prima facie case of discrimination under *Batson v. Kentucky*, supra. [Cits.]" *Brown v. State*, 261 Ga. 184, 185 (3) (402 SE2d 725).

*Judgment affirmed. Andrews and Blackburn, JJ., concur.*

DECIDED JUNE 5, 1995 —
RECONSIDERATION DENIED JUNE 21, 1995 —

*Troy R. Millikan*, for appellant.
*Lydia J. Sartain, District Attorney, Lee Darragh, Thomas A. Gump, Assistant District Attorneys*, for appellee.

