S95G1603. CANTRELL v. THE STATE.

(469 SE2d 660)

THOMPSON, Justice.

We granted certiorari to the Court of Appeals in *Cantrell v. State*, 217 Ga. App. 641 (459 SE2d 564) (1995), to answer this question: When a jury states it has reached a verdict of guilty on an unindicted lesser offense that is included within an indicted offense, and the jury further states that it is unable to agree on the indicted offense, is it error for the trial court to reject the verdict and require the jury to reach agreement on the indicted offense before rendering a verdict on the lesser included offense?

Cantrell was indicted and tried for possession of cocaine with intent to distribute. The court charged the jury that possession of cocaine was a lesser included offense. In the midst of deliberations, the jury inquired whether it could render a verdict on possession of cocaine without reaching a verdict on intent to distribute. The court replied:

> You should first consider whether the State has proven possession with intent to distribute beyond a reasonable doubt. If so you would be authorized to find the defendant guilty. If not you should then consider whether the State has proven possession beyond a reasonable doubt. If so you would be authorized to find the defendant guilty of posses-

sion. If not, you should find the defendant not guilty.

The jury returned to the jury room and continued deliberations. Anticipating an evening recess, the court brought the jury into the courtroom and asked if it needed more time to deliberate. The foreman replied that further deliberation was unnecessary — they could "settle it right now." Asked if he had a verdict, the foreman replied affirmatively. The verdict was tendered to the court. Dated, and signed by the foreman, it read: "We the jury . . . find the defendant . . . guilty for the possession of a controlled substance. . . . We the jury are unable to reach a verdict on the charge of intent to distribute a controlled substance. . . ." The court then asked if the jury was able to agree *unanimously* one way or the other on the intent to distribute charge and the foreman replied: "It hadn't been unanimous. We're in disagreement." The court inquired whether the jury wanted to continue deliberating on the indicted offense. When a juror responded affirmatively, the court decided to send the jury back for further deliberations. Once again, it instructed the jury that it must consider the indicted offense before it considered the lesser included offense.

As soon as the jury left the courtroom to resume deliberations, Cantrell asserted that unanimity on the greater offense was not required and that the court should have accepted the verdict on the lesser included offense. He pointed out that a unanimous verdict had been reached, i.e., the jury unanimously returned a verdict of guilty of possession of cocaine. The court disagreed, taking the position that the jury had not returned a verdict. The next day, the jury found Cantrell guilty of possession of cocaine with intent to distribute.

The Court of Appeals upheld the conviction, ruling that the trial court was authorized to shelve any verdict on the lesser included offense until the jurors reached a unanimous verdict on the greater offense. *Cantrell*, supra at 642. We reverse.

This Court has long held that when an indictment charges an offense, and the jury returns a verdict of guilty on a lesser included offense, the verdict operates as an acquittal of the greater offense. *Miller v. State*, 58 Ga. 200, 202 (2) (1877); *Jordan v. State*, 22 Ga. 545 (1857). Thus, if a jury returns a verdict on a lesser included offense, further deliberations are precluded.[1] In this case, the jury returned a verdict of guilty of possession of cocaine. In so doing, the jury acquitted Cantrell of the greater offense, possession of cocaine with intent to distribute. *Miller v. State*, supra.

---

[1] The rule is otherwise, however, if the jury returns a verdict of guilty with regard to an offense which was not within the range of instructions given by the court. *State v. Freeman*, 264 Ga. 276 (444 SE2d 80) (1994).

*Alexander v. State*, 247 Ga. 780 (279 SE2d 691) (1981), upon which the Court of Appeals relied, does not compel a different result. While *Alexander* acknowledged that a jury should be charged that it has the authority to consider a lesser offense if it finds the defendant "not guilty" of the greater offense,[2] it did not intimate that a court can insist upon unanimous agreement on a greater offense before consideration of a lesser offense. In fact, by pointing out that the trial court did not require unanimity on the greater offense, *Alexander* implied that such a charge would be erroneous. In so doing, *Alexander* cited *People v. Ray*, 204 NW2d 38 (Mich. App. 1972), in which the Michigan Court of Appeals held that where a jury deliberates a greater offense and an included offense, unanimity is not required for the greater offense before the jury can vote on the included offense.

*People v. Ray*, supra, yields a sound result. Indeed, as the District of Columbia Court of Appeals noted in *Jones v. United States*, 544 A2d 1250 (D.C. App. 1988), requiring unanimity with respect to the greater offense gives the prosecution an unfair advantage.

In *Jones*, defendant was charged with possession of cocaine with intent to distribute. After deliberating, the jury twice reported that it was deadlocked. It then inquired whether it could consider the lesser offense of simple possession if it could not reach an agreement on the greater offense. The court instructed the jury that it must convict or acquit on the greater offense before considering the lesser offense. On appeal, the court rejected a unanimity requirement with respect to the greater offense:

> Under [a unanimity requirement] the lesser offense cannot even be considered until the whole jury votes to acquit the defendant of the greater [offense]. Jurors favoring the lesser offense, unless they can dissuade those favoring the greater, must either hold out until a mistrial is declared because of the deadlock or surrender their opinions and vote for the greater offense. [Cit.] Members of the jury who have substantial doubts about an element of the greater offense, but believe the defendant guilty of the lesser offense, may very well choose to vote for conviction of the greater rather than to hold out until a mistrial is declared, leaving the defendant without a conviction on any charge. [Cits.]

---

[2] *Alexander*, supra at 784. We recognize that *Alexander* has been cited for the proposition that a jury should not consider a lesser offense unless the defendant be found not guilty of the greater offense. See, e.g., *Leslie v. State*, 211 Ga. App. 871, 872 (440 SE2d 757) (1994). We have no quarrel with such a charge so long as the court does not insist upon unanimity and is willing to accept a verdict on the lesser offense.

Id. at 1253. Accord *State v. Ogden*, 580 P2d 1049 (Or. App. 1978).

While this case does not involve a unanimity instruction, the end result is the same. By refusing to accept the jury's verdict of guilty on the possession offense, the court forced the jury to reach unanimous agreement on the intent to distribute offense before considering the possession offense.[3]

It is true that, generally speaking, if a jury is in disagreement, the disagreement is not a verdict. *Romine v. State*, 256 Ga. 521, 525 (350 SE2d 446) (1986). Thus, where a jury deliberates imposition of the death penalty, unanimity, one way or the other, is required. Id. Likewise, where a jury deliberates separate crimes, unanimity, one way or the other is required for each crime. But where, as here, a jury deliberates a greater offense and an included offense, unanimity is not required for the greater offense before the jury can vote on the included offense. See *Alexander v. State*, 247 Ga. 780, 784, supra. In this connection, we note that the pattern jury instructions do not require unanimity with respect to an indicted offense before consideration of an included offense. They simply require a unanimous verdict as to the whole.

We conclude that the jury did not have to reach unanimous agreement on the possession of cocaine with intent to distribute offense before considering the lesser included offense of possession of cocaine. It follows that the trial court erred in rejecting the verdict and requiring the jury to deliberate further.[4] *Miller v. State*, 58 Ga. 200, supra.

*Judgment reversed. All the Justices concur, except Sears, Hunstein and Carley, JJ., who dissent.*

HUNSTEIN, Justice, dissenting.

I respectfully dissent to the majority's opinion because I find neither the facts of this case nor the law of this State requires reversal of the trial court's judgment.

Cantrell and co-defendant Millsap were both charged with possession of cocaine with intent to distribute. The trial court charged the jury on the lesser-included offense of possession of cocaine. The record reveals that during the course of its deliberations, the jury presented the trial court with the question "[c]an a verdict be reached on the possession charge without a verdict on the intent to

---

[3] It was necessary for the jury to *consider* the intent to distribute charge before it considered the possession charge. The court so instructed the jury and it complied with that instruction.

[4] The State erroneously argues that the jury did not return a verdict at all because its findings were written on mere notepaper. "A verdict is legal even though written on the wrong paper. Verdicts acquire their legality from return and publication. [Cits.]" *Martin v. State*, 73 Ga. App. 573, 578 (4) (37 SE2d 411) (1946).

distribute charge?" Without objection by defense counsel, the trial court responded to this question by charging the jury:

> You should first consider whether the State has proven possession with intent to distribute beyond a reasonable doubt. If so you would be authorized to find that defendant guilty. If not you should then consider whether the State has proven possession beyond a reasonable doubt. If so you would be authorized to find the defendant guilty of possession. If not, you should find the defendant not guilty.

The giving of such an instruction is not error. *Leslie v. State*, 211 Ga. App. 871, 872 (440 SE2d 757) (1994). The jury resumed deliberations but a brief time thereafter, the trial court had the jury brought back into the courtroom to inquire into their progress and determine whether the jury would like to continue deliberating that evening. The jury foreperson acknowledged that the jury was very close to reaching a verdict and declined the offer of further deliberations, stating that "I think we can settle it right now." When the court asked the foreperson if he had the verdict with him, the foreperson responded affirmatively and handed the court a sheet of paper on which had been written as to each defendant the jury's finding of "guilty for the violation of possession of a controlled substance, cocaine" but also as to each defendant the statement that "[w]e the jury are unable to reach a verdic[t] on the charge of intent to distribute a controlled substance."

With defense counsel agreeing that clarification was required, the trial court asked the jury whether the "unable to reach a verdict" language meant that "you have unanimously agreed that it hasn't been proven beyond a reasonable doubt that [each defendant in turn] possessed cocaine with intent to distribute?" As to Cantrell, the foreperson replied that "[i]t hadn't been unanimous."[5] The jurors and foreperson responded affirmatively to the court's question whether the jury wanted to return to the jury room to discuss the matter further and, over objection that a verdict had been rendered, the trial court allowed deliberations to resume. The jury returned a verdict finding both defendants guilty of possession of cocaine with intent to distribute as well as guilty of possession of cocaine.

Because a lesser-included offense by its very nature embodies at least one essential element of a greater offense, it is axiomatic that

---

[5] As to co-defendant Millsap, although the foreperson initially stated that the jury unanimously agreed that the charge had not been proven, after the trial court noted that other members of the jury were shaking their heads, the foreperson then clarified that the jury was not unanimous.

the defendant must necessarily be guilty of the lesser offense in order to be found guilty of the greater. However, a factfinder is not authorized to find a defendant guilty of a lesser offense and then decline to deliberate upon or otherwise consider a charged greater offense. Rather, the factfinder's job is complete upon a finding of guilty on a lesser offense only in those instances where the factfinder has either determined that the State failed to carry its burden of proof as to those additional elements that constitute the greater offense or where the jury has hopelessly deadlocked on the greater offense. Hence, while a jury may find the evidence insufficient or deadlock on the greater offense, a jury cannot disregard or ignore the greater offense or fail or refuse to consider it altogether.

Instructing a jury to consider the greater offense first avoids the possibility that a jury will mistakenly conclude that its finding of guilty on a lesser offense has barred any consideration of the greater offense. Nevertheless, as a practical matter, it is neither unreasonable nor unforeseeable that a jury, in its internal handling of a case, may resolve the lesser offense before reaching the greater, given that a finding of not guilty on the lesser charge would end the need for further deliberations. In essence, the jury may merely have saved until the end of deliberations their resolution of a factually more controversial issue arising out of the additional elements of the greater offense. The fact that the jury approached a case in this reverse order does not, however, preclude the jury as a matter of law from deliberating upon and resolving the greater offense where, as a matter of fact, it is established that the jury has not reached and resolved the greater offense[6] or otherwise hopelessly deadlocked thereon.

In this case the jury had been specifically instructed that it had to render a verdict on the greater offense before it could reach the lesser offense, receiving this instruction only a brief time before the trial court on its own volition brought the jury back into the courtroom to inquire about recessing for the evening. In response to inquiries initiated by the court, the jury foreperson handed over a previously prepared document which reflected that the jury had either disregarded the trial court's instruction in regard to the sequence their deliberations should take or acted in reverse order on the matter before receiving the instruction (the latter being the more likely explanation given the time frame involved). While normally the sequence a jury follows would remain unknown and ultimately irrelevant, the trial court's fortuitous interruption of the jury's deliberations in this case had the effect of exposing the approach this

---

[6] The situation would, of course, be different where the jury finds the defendant not guilty of the lesser charge.

particular jury had taken. Although this case is unusual because the jury had memorialized its preliminary findings, it is evident from the document given the court by the foreperson, the uncontroverted need for clarification, and the responses the trial court received from the jury, that no verdict had yet been returned in this case.[7] All that the document proffered by the jury reflects is that the jury had a consensus on the possession element but disagreed over the intent to distribute elements.[8] "Where a jury is unable to agree on a verdict, that disagreement is not itself a verdict." *Romine v. State*, 256 Ga. 521, 525 (350 SE2d 446) (1986).

This was not an instance in which the jury had reached a verdict on the greater offense and had found the defendant guilty only on the lesser offense; this was not an instance in which the jury had deadlocked on the greater offense and had settled, instead, on a verdict on the lesser offense. Rather, this is a case where, at the time the trial court interrupted their deliberations, the jury was in disagreement over the greater offense but in agreement as to one essential element of that greater offense, which was conclusive as to the lesser offense. Because the jury had neither resolved the intent to distribute charge for or against defendants nor reached an unbreakable impasse in their deliberations on that charge, the trial court correctly directed the jury to resume deliberating and did not err in refusing to make the jury's preliminary finding the judgment of the court.

I am authorized to state that Justice Sears and Justice Carley join in this dissent.

DECIDED MAY 6, 1996 —
RECONSIDERATION DENIED MAY 23, 1996.

*Troy R. Millikan*, for appellant.
*Lydia J. Sartain, District Attorney, Thomas A. Gump, Assistant District Attorney*, for appellee.

---

[7] Notwithstanding the antiquated writing style of the two cases cited by the majority, it is apparent from a reading of those cases that they are factually distinguishable in that they both involve verdicts that were returned by the juries therein. Nothing in those cases support the majority's proposition that a finding of guilty on a lesser offense requires acquittal on the greater offense in situations where the evidence establishes that the jury has not completed its deliberations.

[8] There is no evidence that the jury in this case had deadlocked over the greater offense; rather, the evidence is that they disagreed over that offense but wanted to continue their deliberations. This crucial fact distinguishes this case from the foreign cases cited by the majority.