## A96A2436. GRIFFETH v. THE STATE.

(480 SE2d 889)

ANDREWS, Chief Judge.

Elmario Griffeth and a co-defendant were tried before a jury on charges of aggravated assault and criminal attempt to commit armed robbery. Griffeth was found guilty of aggravated assault and not guilty on the second charge. The co-defendant was acquitted. On appeal from the judgment entered on the conviction, Griffeth contends the trial court erred by: (1) holding that he failed to establish a prima facie case of discrimination on the basis of race in jury selection under *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986); (2) admitting his co-defendant's statement in violation of *Bruton v. United States*, 391 U. S. 123 (88 SC 1620, 20 LE2d 476) (1968); (3) admitting a bullet found by police during the crime scene investigation; and (4) refusing to charge the jury on the defense of accident. On the *Batson* claim, we find that a prima facie case of discrimination was established and remand the case for a hearing on this issue. Finding no other error, we affirm the judgment of conviction.

On appeal, we review the evidence in the light most favorable to the conviction. The victim testified that, while he was stopped in his car at a traffic light, a black male approached the car, demanded money, then shot him as he attempted to drive away. Although the victim could not identify the shooter, the victim's ten-year-old son,

who was also in the car, identified Griffeth as the man who shot his father. An eyewitness at the scene of the shooting testified that Griffeth approached the victim's car while it was stopped at the traffic light and shot the victim with a .25 caliber automatic pistol. Another eyewitness at the shooting scene testified that, although he did not see a weapon, he saw Griffeth approach the car stopped at the traffic light and stick his hand inside the car and demand money. He testified that, when the victim started to drive off, he heard what sounded like a gunshot. A police detective investigating the shooting testified that the bullet entered the victim's upper chest near the neck and exited just above the right nipple. A second detective identified a .25 caliber shell casing he found at the traffic light where the shooting occurred. The same detective also identified a bullet, which he testified was consistent with the .25 caliber shell casing, that he found on the ground adjacent to where the victim exited his car after the shooting. The State also introduced portions of a statement given to the police by Griffeth's co-defendant. As originally given to the police, the statement showed that the co-defendant knew about the pistol and was present at the scene of the shooting, and it clearly incriminated Griffeth as the shooter. The statement as admitted at trial was redacted to eliminate all references to Griffeth and his participation in the shooting. Neither Griffeth nor his co-defendant testified at trial.

1. The evidence viewed in favor of the conviction was sufficient for a rational trier of fact to find Griffeth guilty of aggravated assault beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. After the jury was selected, Griffeth, who is black, contended at trial pursuant to *Batson v. Kentucky*, supra, that the State violated his Equal Protection Clause rights by exercising its peremptory strikes in a discriminatory manner to exclude members of his race from the jury on the basis of race. A *Batson* challenge initiates a three-step process requiring first that the party challenging the strikes establish a prima facie inference that the strikes were exercised with racially discriminatory intent. If a prima facie case of racial discrimination is established, under the second and third steps, the burden of production shifts to the proponent of the strikes to give race-neutral reasons for the strikes, and the trial court then considers the reasons given and decides whether the challenger has proven discriminatory intent. During this process, the burden of persuasion as to discriminatory intent does not shift from and remains with the challenger. *Chandler v. State*, 266 Ga. 509, 510 (467 SE2d 562) (1996).

The trial court did not reach the second and third steps in this case because it found that Griffeth failed to establish a prima facie

case of racial discrimination. *Lewis v. State*, 262 Ga. 679, 680 (424 SE2d 626) (1993). The venire from which the jury was selected was twenty percent black (six of thirty), and the jury which was selected and tried the case was approximately seventeen percent black (two of twelve). In selecting the jury, the State exercised four of its six peremptory strikes. Three of the four strikes exercised by the State were used to strike three of the black potential jurors. Of the remaining three black potential jurors presented for selection, two were accepted by the State and Griffeth, and one was accepted by the State but struck by Griffeth.

Griffeth contends that a prima facie case of racial discrimination was established because seventy-five percent (three of four) of the strikes used by the State were against potential black jurors. The more relevant statistic in this case is that the State disproportionately used fifty percent (three of six) of its allotted strikes against blacks in selecting from a venire which was only twenty percent (six of thirty) black. Despite the disproportionate exercise of strikes against black prospective jurors, the State's acceptance of three black jurors for inclusion on the twelve-person jury would have resulted in a jury with a greater percentage of blacks (twenty-five percent — including for this purpose the black juror accepted by the State but struck by Griffeth) than were in the venire (twenty percent). Nevertheless, this fact alone is not determinative. *Bess v. State*, 207 Ga. App. 295 (427 SE2d 813) (1993). Rather, in determining whether a *Batson* challenger has carried the burden of persuasion to establish a prima facie case, the court must consider all relevant evidence of discriminatory intent, and "[c]ircumstantial evidence of invidious intent may include proof of disproportionate impact." *Batson*, supra at 93. Evidence that the State exercised a disproportionate percentage of its strikes against blacks, by using 50 percent of its allotted strikes in selecting from a venire that was 20 percent black, was sufficient to establish a prima facie inference that the strikes were exercised with racially discriminatory intent. *Smith v. State*, 263 Ga. 224, 226 (430 SE2d 579) (1993); *Davis v. State*, 263 Ga. 5, 7 (426 SE2d 844) (1993); *Staples v. State*, 209 Ga. App. 802 (434 SE2d 757) (1993); compare *Cantrell v. State*, 217 Ga. App. 641 (459 SE2d 564) (1995), rev'd on other grounds, 266 Ga. 700 (469 SE2d 660) (1996) (concluding that the State's use of ten percent of its allotted peremptory strikes against blacks in selecting from a venire that was approximately seven percent black was not a disproportionate exercise of strikes sufficient to raise a prima facie inference of discriminatory intent under *Batson*).

The trial court erred in determining that Griffeth failed to establish a prima facie inference of racial discrimination and in failing to require that the State give reasons for its strikes. Accordingly, we

remand the case for a hearing to allow the State to explain its strikes and to allow the trial court to make findings under *Batson*. If the trial court determines that the prima facie case has not been rebutted by the State's explanation, Griffeth must be given a new trial. If the trial court determines that Griffeth has not shown that the State exercised its strikes with improper discriminatory intent, Griffeth is entitled to file a direct appeal from that ruling. *Smith,* supra at 226-227; *Staples,* supra at 802-803.

3. There was no error under *Bruton v. United States,* supra, in the admission of the non-testifying co-defendant's statement.

Under *Bruton,* the admission in a joint trial of a non-testifying co-defendant's statement incriminating the defendant violates the defendant's right to confront and cross-examine the co-defendant. There is no *Bruton* violation unless the non-testifying co-defendant's statement, standing alone, clearly implicates the defendant. *Owens v. State,* 193 Ga. App. 661, 662 (388 SE2d 712) (1989).

Here, the admitted statement was redacted to remove all references to Griffeth, and the trial court instructed the jury that the statement could only be considered as evidence against the defendant who made it. In the unredacted statement, the co-defendant stated that he and Griffeth were walking together; that they stopped to talk with a group of three boys at a street corner; that a car drove up and stopped at the traffic light; that, while he stayed on the curb, Griffeth walked over to the car and told the driver to get out; that, as the driver attempted to pull away, he heard a shot and saw Griffeth standing there with a gun, and that "[he] did not know Mario [Griffeth] was going to shoot the man." The redacted version omitted any reference to Griffeth and stated that the co-defendant stopped to talk with a group of three boys at a street corner; that a car drove up and stopped at the traffic light and he stayed on the curb; that the driver started to pull off and he heard a shot, and that "[he] did not know anyone was going to shoot the man."

Griffeth contends that substituting "anyone" for his name in the redacted version was a *Bruton* violation because it was clear to the jury that "anyone" referred to him. We disagree. The redacted statement makes no reference to Griffeth, and the word "anyone" was an indefinite reference which, under the circumstances, did not clearly refer to or create any inevitable association with Griffeth.

4. There was no error in the admission of the bullet into evidence.

The trial court admitted the bullet over Griffeth's objection that it was not connected with the charged offenses and was therefore irrelevant. "The admission or exclusion of evidence which is objected to on the ground of relevancy lies within the sound discretion of the trial court, whose decision will not be disturbed on appeal absent a

clear abuse of discretion." (Citations and punctuation omitted.) *Pope v. Professional Funding Corp.*, 221 Ga. App. 552, 555 (472 SE2d 116) (1996).

There was evidence that Griffeth shot the victim with a .25 caliber automatic pistol and that a .25 caliber shell casing was found at the scene of the shooting; that the bullet exited from the victim's chest while he was driving the car; that the victim drove the car a short distance then parked and got out of the car to call for help, and that the .25 caliber bullet was found on the ground adjacent to where the victim exited the car. In light of evidence connecting the bullet to the shooting, the trial court did not abuse its discretion in admitting it into evidence.

5. The trial court did not err by refusing Griffeth's request to charge the jury on the defense of accident as set forth in OCGA § 16-2-2.

Under OCGA § 16-2-2: "A person shall not be found guilty of any crime committed by misfortune or accident where it satisfactorily appears there was no criminal scheme or undertaking, intention, or criminal negligence." Accordingly, unless there was evidence to support a finding that Griffeth fired the shot without any "criminal scheme or undertaking, intention, or criminal negligence," the trial court correctly refused to charge the defense of accident. *Campbell v. State*, 263 Ga. 824, 825 (440 SE2d 5) (1994).

The evidence showed that Griffeth approached the victim's car with a pistol, demanded money, and, when the victim attempted to drive away, he reached inside the car with the gun and shot the victim. Griffeth contends that, absent evidence he pointed the gun at the victim or threatened the victim, the jury could find that the gun accidentally discharged. Even if Griffeth did not intentionally fire the pistol, under the evidence in this case, Griffeth's acts constituted criminal negligence rendering the defense of accident inapplicable. *Sumner v. State*, 210 Ga. App. 856 (437 SE2d 855) (1993); *Keye v. State*, 136 Ga. App. 707, 708 (222 SE2d 172) (1975); *Campbell*, supra at 825.

*Judgment affirmed and case remanded with direction. Pope, P. J., and Smith, J., concur.*

DECIDED FEBRUARY 3, 1997.

*Kristopher Shepherd*, for appellant.

*Harry N. Gordon, District Attorney, Richard L. Dickson, Assistant District Attorney*, for appellee.