## A96A2297. BREWER v. THE STATE.
### (481 SE2d 608)

Judge Harold R. Banke.

Ralph Brewer was convicted of trafficking in cocaine and possession with intent to distribute. After merging the two counts, the trial court sentenced Brewer to the mandatory minimum of twenty-five years. Due to subsequent changes in counsel, the trial court permitted an out-of-time appeal.[1] Following the denial of his motion for new trial, Brewer asserts nine errors.

Viewed in a light most favorable to the verdict, the State's evidence was as follows. Sergeant Walter Britt, an undercover drug investigator, used an informant to arrange the purchase of a substantial amount of cocaine. In Britt's presence, the informant telephoned Tonya Smith, a friend of Brewer, who agreed to act as an intermediary in obtaining the cocaine. Smith testified that when she told Brewer that someone wanted a "key of dope" (kilo), Brewer said he would see what he could do.[2] A few days later, Brewer set the price at $26,000 for the kilo. Smith and Brewer agreed that the

---

[1] Brewer's trial counsel was Glenn Zell. Brewer's initial appellate counsel was Eddie Castleberry, followed by Ellis Peetlink, who was succeeded by Brian Steel, current counsel. This Court dismissed the first appeal filed by Castleberry because it lacked a brief and an enumeration of errors.

[2] Smith pleaded guilty to possession with intent to distribute and agreed to testify against Brewer.

transaction would occur at her apartment on February 2, 1994 at 10:00 a.m. Brewer arrived shortly before the appointed time and the purchasers, the informant and undercover officer Angela Ficklin, came about 20-30 minutes later. Smith testified that no drugs were in her apartment before Brewer arrived. After the buyers came, Brewer retrieved the cocaine in a grocery bag from a bedroom. Brewer opened the grocery bag and displayed a block of cocaine wrapped in black tape. Complying with Ficklin's request to see the drugs, Brewer used a knife to unwrap the tape. As Ficklin watched Brewer cut the tape she saw "white stuff" flying up out of the block. Claiming that she had to retrieve the purchase money from her car, Ficklin then went outside and signaled her backup. Britt and other police immediately entered. Britt found the cocaine on the floor about two feet from Brewer. State forensic testing determined that the cocaine had a purity of 85 percent and that the block of cocaine without the packaging weighed 1,044 grams.

At trial, Brewer contended that he was at Smith's apartment solely to visit Smith's infant baby whom he had fathered. He denied any knowledge of or participation in the drug transaction at Smith's apartment contending that Smith alone was conducting the drug deal. *Held*:

1. Brewer asserts that the trial court erred by failing to charge on constructive possession, his sole defense. Brewer further claims that he was entitled to a charge that the law presumes that the drugs belong to the owner of a house and an instruction that a finding of constructive possession must be based on evidence other than spatial proximity.

Notwithstanding Brewer's claim to the contrary, the court did instruct on constructive possession, quoting verbatim the pattern charge. Suggested Pattern Jury Instructions, Vol. II: Criminal Cases (2nd ed.), p. 136. Nor is there merit to Brewer's assertion that he was entitled to a customized constructive possession charge. A trial court need not give a particular instruction where the entire charge, as here, fairly presents the issues, including the defendant's theory. *Tarvestad v. State*, 261 Ga. 605, 606 (409 SE2d 513) (1991).

The State's evidence showing Brewer's actual participation in a direct sale to the undercover officer rebutted the presumption of possession against the owner of the premises. *Walton v. State*, 217 Ga. App. 773, 774 (1) (459 SE2d 184) (1995). No such charge was therefore demanded. Id.; compare *Paden v. State*, 216 Ga. App. 188, 189 (1) (453 SE2d 788) (1995).

2. Brewer contends that his trial counsel and motion for new trial counsel rendered ineffective assistance based on the trial court's failure to give the two jury instructions discussed in Division 1. Inasmuch as the trial court's charge was not error, it follows that Brewer

cannot show both the requisite error and prejudice to his defense needed for reversal. *Stephens v. State*, 265 Ga. 120, 121 (2) (453 SE2d 443) (1995). See *Strickland v. Washington*, 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984).

3. Brewer contends that the trial court erred when it instructed the jurors to deliberate the trafficking count before considering the possession with intent to distribute count. Brewer complains that the sequential instruction violated his right to have the jurors consider the case as a whole. Compare *Lajara v. State*, 263 Ga. 438, 439 (2) (435 SE2d 600) (1993) (sequential charges disapproved only in felony murder, voluntary manslaughter context).

*Cantrell v. State*, 266 Ga. 700 (469 SE2d 660) (1996) does not require a different result. Here, the trial court did not compel the jury to deliberate on the greater offense after it reached a verdict on the lesser included offense. Nor did the trial court insist on unanimous agreement by the jury before it could proceed to the lesser included offense. Id. at 703; *Miller v. State of Ga.*, 58 Ga. 200, 202-203 (2) (1877). See *Alexander v. State*, 247 Ga. 780, 784 (3) (279 SE2d 691) (1981) (no error where trial court did not charge jury that it had to find defendant not guilty of murder by unanimous vote before it could discuss the lesser offense). We find no error with the instruction as given.

4. Brewer's decision to reject the State's plea offer did not constitute ineffective assistance of counsel.[3] At the motion hearing, Brewer's trial counsel, Glenn Zell, testified that he discussed the State's plea offer with Brewer on numerous occasions. They also discussed the possible outcome of the trial. Zell explained that when the State offered 25 years he recommended that the case be tried because 25 years was the same as the mandatory minimum sentence. Subsequently, at the beginning of the trial the State proposed 15 years. According to Zell, it was Brewer who made the ultimate decision to proceed to trial, stating, "let's try it, always want to try it. . . ." After reviewing the record, we are not able to conclude that the trial court's ruling was clearly erroneous. *Johnson v. State*, 266 Ga. 380, 383 (2) (467 SE2d 542) (1996).

5. The trial court did not comment on the evidence in its instruction. The court instructed, "The events charged in this indictment is [sic] a violation of Georgia Controlled Substances. . . ." Although this charge deviated from the Pattern Instructions, a mere slip of the tongue is not synonymous with commenting on the evidence. See

---

[3] Appellate counsel repeatedly asserts that the ineffectiveness of trial counsel issue is being raised for the first time. The record belies this contention as Brewer earlier alleged trial counsel's ineffectiveness based on 19 purported failures during trial. Following a hearing, the trial court denied the new trial motion on each and every ground.

*Whitt v. State*, 257 Ga. 8, 9 (3) (354 SE2d 116) (1987); compare OCGA § 17-8-57. Inasmuch as the charge as a whole properly instructed the jury and the court specifically instructed the jury that it did not intend to comment on the evidence, there was no error. *Gober v. State*, 247 Ga. 652, 655 (3) (278 SE2d 386) (1981).

6. Brewer's claim that the trial court allowed impermissible character evidence was not preserved for appellate review. Issues and objections not raised at trial cannot be raised for the first time on appeal because they are deemed waived. *Jacobson v. State*, 201 Ga. App. 749, 751 (2) (b) (412 SE2d 859) (1991).

7. The trial court's admission of evidence relating to an attempted cocaine deal that failed to materialize was proper. The drug deal at issue on February 2, 1994, was the culmination of two telephone conversations, one on January 25, and another on February 2. The first attempt to effectuate a drug deal collapsed. The January 25 conversations were part of the planning phase to make the necessary arrangements for the instant drug deal. Circumstances forming a part of the main transaction are admissible as part of a continuous transaction or as res gestae. OCGA § 24-3-3; *Bostic v. State*, 183 Ga. App. 430, 431 (1) (359 SE2d 201) (1987).

8. Brewer's contention that a State witness was improperly admitted as an expert is without merit. Britt testified without objection that the cocaine had a value of $100,000 and that he could "cut" it to make it into four times as much cocaine or "cook" it into crack. Even assuming arguendo that the court erred in admitting Britt's testimony, Brewer cannot prove the requisite harm, as there is overwhelming evidence of his guilt. *Palmer v. State*, 186 Ga. App. 892, 897 (369 SE2d 38) (1988).

9. Brewer claims that the trial court erred and his counsel was ineffective because although the jury was instructed that it could find him guilty of conspiracy to traffic cocaine, that crime was not included on the verdict form. OCGA § 16-13-33. However, Brewer did not request the charge on conspiracy or its inclusion on the verdict form. Inasmuch as Brewer's sole defense was that Smith acted alone without his knowledge, the decision to have the jury consider only the crimes charged in the indictment was a matter of trial strategy. Trial strategy and tactics do not equate with ineffective assistance of counsel. *Nolan v. State*, 204 Ga. App. 170, 172 (3) (419 SE2d 72) (1992). Accordingly, we find no error. See *Strickland v. Washington*, 466 U. S. at 687.

*Judgment affirmed. Andrews, C. J., and Pope, P. J., concur.*

DECIDED FEBRUARY 14, 1997.

*Wolfe & Steel, Brian Steel*, for appellant.

*Lewis R. Slaton, District Attorney, Leonora Grant, William F. Riley, Jr., John C. Culp, Assistant District Attorneys*, for appellee.