**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**BROWN and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**June 21, 2023**

# In the Court of Appeals of Georgia

A23A0071. SHOCKLEY v. THE STATE.

MCFADDEN, Presiding Judge.

After a jury trial, James Shockley was convicted of two counts of felony obstruction of an officer, possession of methamphetamine, and no proof of insurance. He appeals the denial of his motion for new trial.

Shockley argues that the evidence does not support the convictions for felony obstruction of an officer and possession of methamphetamine. But the evidence, viewed in the light most favorable to the prosecution, was sufficient to allow the jury to find the essential elements of the crimes beyond a reasonable doubt. See *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979). Shockley argues that the trial court erred by failing to enter a judgment of acquittal on a count of methamphetamine trafficking, but he was not tried for that crime since

the parties had agreed to amend the indictment to charge methamphetine possession instead. Finally, Shockley argues that trial counsel performed deficiently by failing to object to the state's closing argument, but he has not shown that any deficiency in counsel's performance prejudiced him. So we affirm.

1. *Evidence at trial and procedural posture.*

Viewed in the light most favorable to the prosecution, *Jackson*, 443 U. S. at 319 (III) (B) , the evidence at trial showed that Mike Cooper, a sergeant with the Hall County Sheriff's Department, intended to serve Shockley with a warrant. Based on certain information he had received, Cooper drove in his marked patrol car to the house of Shockley's grandmother. Shockley was standing beside the driver's door of his girlfriend's Kia automobile parked in his grandmother's driveway. Shockley and Cooper made eye contact and Shockley ran. By the time Cooper got out of his patrol car, he had lost sight of Shockley.

Cooper saw an eyeglasses case sitting on the driver's side roof of the Kia. Inside the case was a plastic bag containing 25.97 grams of methamphetamine. The methamphetamine was moist, which indicated that it had been recently manufactured. The eyeglasses case was within Shockley's reach when Cooper first saw Shockley, and there was no one else in or near the Kia.

Five days later, Shockley called Paul Payne, another sergeant with the Hall County Sheriff's Department, and asked whether he could "work off the charges," which, Payne testified, "would have been either [a] trafficking charge or possession with intent to distribute." Shockley told Payne that he could deliver three kilograms of methamphetamine.

Lieutenant Mark Thomason also worked with the Hall County Sheriff's Department. At some point, pursuant to a search warrant, he had placed a GPS tracker on the Kia. When the battery on the tracker was getting low, Thomason decided to locate the Kia and change the tracker's battery. He located the Kia in a motel parking lot and saw that Shockley was a passenger in the car. The Kia left the parking lot. Because Shockley was not alone in the car and because the tracker's battery was low, Thomason decided to follow the car and to execute an arrest warrant.

Thomason sought assistance from other law enforcement officers. Once Deputy Aaron Nguyen arrived, Thomason got into Nguyen's truck and they began following the tracker.

Thomason and Nguyen located the Kia parked in the driveway of a house. Shockley was in the driver's seat and the engine was running. Thomason and Nguyen drove past the house to await the arrival of other officers. As Thomason and Nguyen

drove back toward the house with their blue lights activated, Deputy Jay Ivey pulled into the driveway in front of the Kia in his marked SUV. Ivey got out of his SUV, announcing "sheriff's office."

Shockley tried to flee by driving through the yard. He drove past Ivey's SUV, made eye contact with Thomason, turned the steering wheel toward Nguyen's truck, and struck the passenger side of Nguyen's truck.

Shockley drove onto the road, where he struck Deputy Eric Herbert's marked patrol car. Deputy Caleb Couch was a passenger in Herbert's car. The Kia came to rest in a yard where it became stuck. Shockley exited the Kia and the officers apprehended him.

Shockley was charged with four counts of aggravated assault on a law enforcement officer with Thomason, Nguyen, Herbert, and Couch named as victims; trafficking methamphetamine; possession of methamphetamine with intent to distribute; two counts of interference with government property; and no proof of insurance.

At the call of the case for a jury trial, the parties consented to amend the indictment by replacing the trafficking methamphetamine count with a count alleging possession of methamphetamine. The jury found Shockley not guilty of aggravated

4

assault upon a law enforcement officer, instead finding Shockley guilty of four counts each of the lesser included offenses of obstruction of a law enforcement officer, reckless driving, and simple assault. The jury also found Shockley not guilty of possession of methamphetamine with intent to distribute. The jury found Shockley guilty of possession of methamphetamine; two counts of interference with government property; and no proof of insurance. After merging some counts (and correcting an error in its original judgment of conviction), the trial court sentenced Shockley for two counts of felony obstruction of a law enforcement officer, possession of methamphetamine, and no proof of insurance. Shockley appeals the denial of his motion for new trial.

2. *Sufficiency of the evidence*.

Shockley argues that the evidence was insufficient to support his convictions of felony obstruction of a law enforcement officer and possession of methamphetamine.

In addressing this argument, we view the evidence

in the light most favorable to the verdict, and the appellant no longer enjoys a presumption of innocence. And in evaluating the sufficiency of the evidence, we do not weigh the evidence or determine witness credibility, but only determine whether a rational trier of fact could have

5

found the defendant guilty of the charged offenses beyond a reasonable doubt. Thus, the jury's verdict will be upheld so long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the [s]tate's case.

*Miller v. State*, 351 Ga. App. 757, 760-761 (1) (833 SE2d 142) (2019) (citations and punctuation omitted).

(a) *Felony obstruction of a law enforcement officer*.

Shockley argues that the evidence was insufficient to support the four convictions of felony obstruction of a law enforcement officer. The trial court merged the convictions based on the charges with Couch and Nguyen as victims, so there is nothing for us to review as to those convictions. See *Daniel v. State*, 196 Ga. App. 160, 162 (5) (395 SE2d 638) (1990). We review Shockley's argument only as to the charges concerning Herbert and Thomason as victims.

Shockley argues that the evidence does not support the conviction of obstruction of an officer as to Herbert because a video recording from a body camera shows that Herbert drove into Shockley's Kia, not that Shockley drove into Herbert's patrol car. The video recording is consistent with Herbert's testimony that he was trying to avoid a collision as Shockley drove toward him. Moreover, Thomason testified that Shockley drove the Kia straight toward Herbert's patrol car, and Couch,

6

the passenger in Herbert's patrol car, testified that Shockley's Kia sped toward them and that the Kia and the patrol car collided head on.

Our "limited review leaves to the jury the resolution of conflicts in the evidence, the weight of the evidence, the credibility of witnesses, and reasonable inferences to be made from basic facts to ultimate facts." *Meadows v. State*, __ Ga. __, __ (2) (__ SE2d __) (Case No. S23A0110, decided Mar. 21, 2023) (citation and punctuation omitted). The evidence was sufficient to authorize the jury to find Shockley guilty beyond a reasonable doubt of obstruction of Herbert. See OCGA § 16-10-24 (b) ("Whoever knowingly and willfully resists, obstructs, or opposes any law enforcement officer . . . in the lawful discharge of his or her official duties by offering or doing violence to the person of such officer . . . shall be guilty of a felony. . . .").

Shockley argues that the evidence does not support the conviction of obstruction of an officer as to Thomason because, based on a video recording from another body camera, no reasonable juror could have found that Shockley offered to do violence to Thomason. Thomason testified that, while the blue lights of the vehicle in which he was a passenger were activated, he made eye contact with Shockley, who then turned his steering wheel toward the officers' vehicle, accelerated so that his

7

wheels spun, and then struck the passenger side of the vehicle. The evidence was sufficient to authorize the jury to find Shockley guilty beyond a reasonable doubt of obstruction of Thomason. See OCGA § 16-10-24 (b).

(b) *Methamphetamine possession*.

Shockley argues that the evidence does not support the conviction for methamphetamine possession because the evidence that he constructively possessed the methamphetamine was based solely on his spatial proximity to the eyeglasses case containing the drug.

> Where, as here, there is no evidence that the defendant was in actual possession of contraband, the [s]tate must present evidence showing the defendant's constructive possession. A person is in constructive possession of an object when he knowingly has both the power and intention at a given time to exercise dominion over the object. Indeed, under Georgia law, a finding of constructive possession must be based upon some connection between the defendant and the contraband other than spatial proximity. And if the [s]tate's constructive-possession case is based entirely on circumstantial evidence, the law requires that the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused.

*Smith v. State*, 350 Ga. App. 496, 499 (829 SE2d 776) (2019) (citations and punctuation omitted).

> But as [our Supreme] Court has also held, consistent with OCGA § 24-14-6, questions as to the reasonableness of hypotheses are generally to be decided by the jury which heard the evidence and that finding will not be disturbed unless the verdict of guilty is unsupportable as a matter of law. In other words, whether the evidence shows something more than mere presence or proximity, and whether it excludes every other reasonable hypothesis, are questions committed principally to the trier of fact, and we should not disturb the decisions of the trier of fact about these things unless they cannot be supported as a matter of law.

*Lebis v. State*, 302 Ga. 750, 754 (II) (808 SE2d 724) (2017) (citations and punctuation omitted).

The evidence allowed the jury to find that Shockley's possession was not based solely on his spatial proximity. The state presented evidence that the methamphetamine had been recently manufactured, indicating that it could not have been on the car's roof for long. No one but Shockley was in or near the car. And five days later, Shockley called Sergeant Payne and asked whether he could "work off the charges" by giving information about where a larger amount of methamphetamine

9

could be found. The evidence was sufficient for the jury to find Shockley guilty beyond a reasonable doubt of possessing methamphetamine.

3. *Trial court's failure to enter a judgment of acquittal on the indicted offense of trafficking methamphetamine.*

Shockley argues that the trial court erred by failing to enter an order acquitting him of trafficking methamphetamine, given that the jury returned a verdict of guilty on the lesser included offense of possession of methamphetamine. He relies on *Cantrell v. State*, 266 Ga. 700 (469 SE2d 660) (1996), in which our Supreme Court held that "when an indictment charges an offense, and the jury returns a verdict of guilty on a lesser included offense, the verdict operates as an acquittal of the greater offense." Id. at 701.

*Cantrell* is inapposite. In that case, the jury was deliberating the indicted, greater offense and was unable to reach a unanimous verdict on the greater offense, but reached a unanimous verdict on the lesser included offense. 266 Ga. at 700-701. The trial court refused to accept the verdict until the jury had reached a unanimous verdict on the indicted, greater offense. Id. at 701. Our Supreme Court held that the trial court erred because the verdict on the lesser offense operated as an acquittal of the greater offense. Id. at 702.

10

Here, on the other hand, the jury was never presented with the greater offense of methamphetamine trafficking because the parties had agreed to amend the indictment to charge only the lesser offense of possession of methamphetamine. So the jury never deliberated on the greater offense and the trial court never instructed the jury that it must reach a unanimous verdict on the greater offense before considering the lesser offense. Shockley has not shown error.

4. *Effective assistance of counsel*.

Shockley argues that trial counsel performed deficiently when she failed to object to two statements in the prosecutor's closing argument that were not supported by the evidence. Shockley has not shown that he was prejudiced by his attorney's failure to object.

"To succeed on a claim of ineffective assistance, a defendant must establish both that his counsel's performance was deficient and that he was prejudiced as a result of that deficient performance." *Moore v. State*, 315 Ga. 263, 265 (2) (882 SE2d 227) (2022). See also *Strickland v. Washington*, 466 U.S. 668, 687 (III) (104 SCt 2052, 80 LE2d 674) (1984).

Shockley points to two statements in the state's closing argument to which, he argues, his attorney should have objected. Both statements concern Shockley's call

11

to Sergeant Paul Payne, when he asked to work off his charges. At one point, the prosecutor stated in her argument, "Clearly at that point Mr. Shockley, who has already run from police, who's already called Paul Payne and said, you know, that meth that you got on January 30th, it was a lot, but it wasn't 28 grams, let me work that off for you, I'll get you three kilograms. Clearly he knows that gig is up." Later, the prosecutor stated, "Remember that phone call from February 5th. Again, clearly the defendant knows it's meth. He says that he can get three kilos of meth. And he kind of knows the business because he says it wasn't 28 grams." But Sergeant Payne did not testify that Shockley had said in the phone call that "it wasn't 28 grams."

Even assuming that trial counsel performed deficiently by failing to object, however, Shockley "has failed to show a reasonable likelihood that, absent the failure of his lawyer to object to the prosecuting attorney's statements, the outcome of the trial would have been different." *Lane v. State*, 312 Ga. 619, 625 (2) (b) (864 SE2d 34) (2021) (citation and punctuation omitted). Shockley argues that the prosecutor's unsupported statements were prejudicial because they "implied that he knew of the methamphetamine that Payne found on top of the car" and that he knew its exact weight.

12

But the evidence supported a finding that Shockley knew of the methamphetamine found on top of the car, so it is not reasonably likely that the prosecutor's statements changed the outcome of the trial in this regard. Cooper, the sergeant who saw Shockley standing next to the Kia in his grandmother's driveway and from whom Shockley fled on foot, testified that Shockley alone was standing within arm's reach of the methamphetamine that was in the eyeglasses case sitting on the car roof at the driver's door. And, as detailed in Division 2 (b) above, Payne did testify that Shockley called him to ask about working off the charges which "would have been either [a] trafficking charge or possession with intent to distribute," allowing the jury to infer that Shockley knew the eyeglasses case contained methamphetamine.

We do not see how any inference that Shockley knew the weight of the methamphetamine reasonably likely changed the outcome of the trial, either. The jury did not deliberate on a charge of trafficking in methamphetamine, a charge for which evidence of the weight of the methamphetamine would have been significant. See OCGA § 16-13-31 (e) (1). And the jury found Shockley *not* guilty of possession of methamphetamine with intent to distribute, which, in any event, does not have a specific legal weight limit. OCGA § 16-13-30 (b). See also *Horne v. State*, 318 Ga.

13

App. 484, 493-494 (5) (733 SE2d 487) (2012). The jury found Shockley guilty only of possession, which is what his attorney asked the jury to do in her closing argument, should the jurors find that he possessed the methamphetamine.

Finally, we note that the trial court instructed the jury three times that the attorneys' statements were not evidence. See *Lane*, 312 Ga. at 625 (2).

"In light of these considerations, we conclude that [Shockley] cannot show a reasonable probability that the outcome of the trial would have been different if his trial counsel had objected to the prosecutor's closing argument." *Ivey v. State*, 305 Ga. 156, 160 (2) (a) (824 SE2d 242) (2019).

*Judgment affirmed. Brown and Markle, JJ., concur*.