545 S.E.2d 127 (2001)
247 Ga. App. 756
In the Interest of L.M.J., a child.
No. A01A0298.
Court of Appeals of Georgia.
January 31, 2001.
*128 Bunn & Kirby, William L. Kirby II, Columbus, for appellant.
Thurbert E. Baker, Atty. Gen., Dennis R. Dunn, Deputy Atty. Gen., William C. Joy, Senior Asst. Atty. Gen., Shalen S. Nelson, Asst. Atty. Gen., Daniel Hadden & Alford, Peter T. Alford, Linda B. Taylor, for appellee.
PHIPPS, Judge.
The Meriwether County Department of Family and Children Services (DFACS) obtained emergency custody of L.M.J. shortly after her birth because her mother had been involuntarily committed to a state mental hospital. After attempts to reunify the child with her mother proved unsuccessful, DFACS instituted a termination of parental rights proceeding. The maternal grandmother filed a motion to intervene. Although the juvenile court entered no formal ruling on the motion, it allowed the grandmother to participate fully in the proceedings. Permanent custody was awarded to DFACS, and the grandmother appeals. We find that the court did not abuse its discretion in the custody award and affirm.
At the hearing on the termination petition, the mother informed the court that she wanted to surrender her parental rights and that she wanted the grandmother to be given custody of the child, but that she realized the child might be placed elsewhere. The court terminated the parental rights of the mother and of the putative father and found that it would not be in the child's best interest to award custody to the grandmother. The court found that the child had formed a bond to her foster parents who wanted to adopt her and that adoption would be in her best interest.
1. At the outset, DFACS challenges the grandmother's standing to appeal. Because the trial court effectively granted the grandmother's motion to intervene by allowing her to fully participate in this proceeding, we hold that she has standing to appeal.[1]
2. The grandmother challenges the court's determination that placing the child with her would not be in the child's best interest.
If an order is entered terminating the rights of both parents, OCGA § 15-11-103(a)(1) requires the court to first attempt to place the child with a person related to the child by blood or marriage or with a member *129 of the child's extended family, but only if such placement is in the best interest of the child.
Michelle Canas, a therapist employed by Morningstar Family Resource Center, conducted an assessment of the child's family and recommended that she not be placed in the grandmother's home. Dr. Ronald Cole, a psychologist, performed a psychological evaluation of the grandmother and also recommended that the child not be placed with her. The grandmother contends that the recommendations of Canas and Cole provide no support for the court's decision, because their testimony was based on hearsay and unproven allegations that the maternal grandfather had raped or molested the child's mother. We cannot agree.
Although these witnesses were provided with background information relayed or prepared by individuals who did not testify at trial, their testimony shows that their recommendations were based on their own evaluations and assessments concerning the grandmother's parenting abilities.
Dr. Cole testified that during interviewing and testing the 68-year-old grandmother responded to questions in a disingenuous fashion, that she exhibited distorted and delusional thoughts and symptoms associated with schizophrenia, and that her mental condition would adversely affect her parenting skills. Dr. Cole also related that, on at least one occasion, the child's mother had physically assaulted the grandmother. He thus concluded that the grandmother's home would not be a safe and nurturing environment for the child's emotional development. In addition, he testified that the child's mother had accused the grandfather of raping her, that the grandmother said that the grandfather had taken and failed a polygraph test in connection with the alleged rape, and that the grandfather had been accused of inappropriate sexual behavior by neighborhood children and by students at the school where he had been employed. For these reasons, Dr. Cole recommended that the court order the grandfather to submit to a sex offender risk assessment before considering placing the child in the grandparents' home. Canas's main concern was that the mother had a history of violent and aggressive behavior, that she would have access to the child if the child were placed in the grandmother's home, and that the grandmother lacked the ability to protect the child from the mother. Canas also doubted the grandmother's ability to parent the child based on the results of tests or surveys administered to her. Canas testified that although she had some concerns about the grandfather, there was no clear evidence that he had ever committed the rape. Canas thus recommended that the court order a further evaluation of the grandfather before considering an award of custody of the child to the grandmother.
The child's guardian ad litem concurred with the recommendations of these witnesses. DFACS caseworker Farrar also evaluated the grandmother's home, and she concluded that it was dysfunctional and not a proper environment for the child based on the same concerns expressed by Canas. The mother's treating psychologist agreed. Evidence was also introduced authorizing the court to find that the grandmother lacks the physical stamina and strength to raise a young child.
The juvenile court's determination that it was not in the child's best interest to be placed with the grandmother is supported by competent evidence concerning her inability to properly discharge parental responsibilities. The court did not abuse its discretion in refusing to award custody of the child to the grandmother.[2]
3. The grandmother raises a number of other claims of error, none of which provides a basis for reversal. The grandmother challenges findings in the court's order concerning the absence of any property of substantial value that the child might inherit from either parent, the absence of other suitable or available relatives with whom to place the child, and the mother's desire that the child be adopted. The grandmother, however, lacks standing to complain of these findings because they have no bearing on the *130 court's refusal to award custody to her.[3] Although the grandmother claims that she could have been awarded visitation if the child had been placed with another relative, this argument was not advanced below and thus has been waived.[4]
Judgment affirmed.
SMITH, P.J., and BARNES, J., concur.
NOTES
[1] See, e.g., Haney v. Dev. Auth. of Bremen, 271 Ga. 403, 519 S.E.2d 665 (1999) (appeal by intervenors in bond validation proceeding).
[2] See generally In the Interest of B.R.W., 242 Ga.App. 232, 241(3), 530 S.E.2d 5 (2000).
[3] See id. at 239-240, 530 S.E.2d 5.
[4] See, e.g., Brewer v. State, 224 Ga.App. 656, 659(6), 481 S.E.2d 608 (1997).