A01A1942. IN THE INTEREST OF J. R. T. et al., children.
(552 SE2d 892)

PHIPPS, Judge.

The indigent mother of J. R. T. and G. F. T. appeals the Fulton County Juvenile Court's termination of her parental rights. Her court-appointed appellate counsel has filed a brief complaining of the juvenile court's denial of the mother's motion for a continuance and contending that the evidence is insufficient to show that she is presently unfit or that termination of her parental rights is in the best interests of the children. Appellate counsel also has filed a motion to withdraw from the case. We affirm the judgment appealed and deny the motion.

1. At the beginning of the termination hearing, the mother's trial attorney moved for a continuance due to his client's unexplained absence. The court denied the motion because the mother had been served with notice of the hearing and orally informed of it. The court, however, agreed to entertain a motion to set aside any adverse judgment if the mother showed good cause for her absence from the hearing. No motion to set aside was filed. We find no abuse of discretion in the court's denial of the continuance.[1]

2. The evidence showed that appellant is the mother of approximately a dozen children, all of whom are in the custody of the state. Custody of J. R. T. and G. F. T. was placed in the Fulton County Department of Family & Children Services (DFACS) in part because of the mother's chronic use and abuse of illegal drugs. She failed to comply with a case plan which required her to submit to drug screens and complete a drug treatment program. Moreover, during the almost two and one-half years between DFACS's assumption of custody of the children and the hearing on the petition for termination of parental rights, the mother failed to provide any financial support for the children, regularly contact them, or maintain stable housing. As a result of the mother's highly uncooperative behavior, DFACS was unable to conduct a home study. J. R. T. and G. F. T. are currently in foster care with parents who want to adopt them. Contrary to arguments advanced on appeal, this evidence was sufficient to show that

[1] See *In the Interest of A. H. P.*, 232 Ga. App. 330, 332 (1) (500 SE2d 418) (1998).

the mother is presently unfit[2] and that termination of her parental rights would be in the children's best interests.[3]

3. In his motion to withdraw, counsel asserts that he has been placed in a dilemma by his appointment in an appeal which is arguably frivolous, because he is subject to frivolous appeal sanctions by pursuing the appeal. In arguing that he is subject to sanctions, counsel cites *In the Interest of A. W.*,[4] a termination of parental rights case in which a penalty for frivolous appeal was imposed against the appellant as well as his attorney. Persuaded by counsel's argument and citation of authority, the State has filed a motion against appellant and counsel for imposition of sanctions for frivolous appeal. Counsel, however, overlooks the fact that in *A. W.* the appellant and his attorney made "outrageous, unsupported factual assertions" that flew in the face of the record.[5] Under those circumstances, we concluded that we would have been remiss in not imposing sanctions for frivolous appeal.

This case involves no such conduct. Moreover, in this case, the State's evidence only consists of eleven and one-half pages of testimony given by the DFACS worker assigned to the case, as well as prior unappealed deprivation orders of which the court took judicial notice. Whether the evidence establishes all the statutory criteria which must be met before a termination of parental rights is authorized[6] is a subject of legitimate inquiry. Although we have rejected appellant's evidentiary challenge, we do not deem this appeal to be frivolous. Arguably, the State's motion for imposition of sanctions for frivolous appeal is itself frivolous.

*Judgment affirmed. Smith, P. J., and Barnes, J., concur.*

DECIDED JULY 24, 2001.

*Christopher J. McFadden*, for appellant.

*Thurbert E. Baker, Attorney General, Dennis R. Dunn, Deputy Attorney General, William C. Joy, Senior Assistant Attorney General, Shalen S. Nelson, Philip B. Campbell, Assistant Attorneys General*, for appellee.

---

[2] See *In the Interest of J. M. M.*, 244 Ga. App. 171 (534 SE2d 892) (2000).

[3] See *In the Interest of L. M. J.*, 247 Ga. App. 756 (545 SE2d 127) (2001); *In the Interest of L. S.*, 244 Ga. App. 626, 628 (1) (536 SE2d 533) (2000).

[4] 242 Ga. App. 26 (528 SE2d 819) (2000).

[5] Id. at 30.

[6] See *In the Interest of J. M. M.*, supra.