A98A0692. KUNSELMAN v. THE STATE.
(501 SE2d 834)

Judge Harold R. Banke.

Christopher James Kunselman was convicted of burglary and possession of a knife with a blade three inches or longer during the commission of a crime. The record indicates that these were his first offenses. He received a twenty-year sentence on the burglary charge and a five-year consecutive sentence on the weapons charge. He enumerates four errors on appeal.

This case arose in the wake of Kunselman's twenty-fourth birthday celebration. Kunselman was visiting his parents to help with some home improvements, but they were gone that evening, so he celebrated alone.

At around 1:30 a.m., after consuming a six-pack of beer and ten to twelve shots of tequila, Kunselman got bored and decided to take a walk. As he wandered down the street drinking a Pepsi, Kunselman noticed what he thought was an unoccupied house and decided to break into it. He cut a screen and entered the house through a front window, then broke a pane to open French doors in the hall. At that point, Kunselman heard the victim, an elderly woman, cry out and responded by knocking on her bedroom door and telling her he would not hurt her and was not a burglar. At that, he attempted to leave, but due to the darkness and his condition, he was unsuccessful. He did not attempt to open her door.

Upon hearing the intruder, the victim called the police. After their arrival, they immediately apprehended the inebriated Kunselman wandering near the victim's bedroom door. The knife was in

its sheath in his back pocket.

Kunselman was charged with attempted aggravated assault, burglary, and the weapons violation. The jury acquitted him of attempted aggravated assault. *Held*:

1. Kunselman maintains that the trial court's jury instruction on criminal trespass as a lesser included offense requires reversal. He argues that the instruction in effect required unanimous agreement on the greater offense before the lesser could be considered.

In *Cantrell v. State*, 266 Ga. 700, 702-703 (469 SE2d 660) (1996), our Supreme Court clearly condemned the practice of requiring juries to unanimously agree on a greater offense before considering a lesser included offense.[1] In supporting this well-reasoned conclusion, it embraced the language of cases from other jurisdictions which recognized that requiring acquittal before consideration of a lesser included offense was the functional equivalent to requiring unanimity. Id. These cases acknowledged the danger inherent in requiring the unanimity implicit in an acquittal first charge: that jurors with "substantial doubts about an element of the greater offense, [who] believe the defendant guilty of the lesser offense, [will] choose to vote for conviction of the greater [offense] rather than to hold out until a mistrial is declared, leaving the defendant without a conviction on any charge."[2] Id. at 702 (quoting *Jones v. United States*, 544 A2d 1250, 1253 (D.C. App. 1988)). As *Cantrell* observed, the practice "gives the prosecution an unfair advantage." Id. at 702.

In the instant case, the trial court instructed the jury as follows: "with respect to the burglary count in Count 1, if you find the defendant not guilty of burglary, you would then and only then be authorized to consider the lesser included offense of criminal trespass on that count." Compare Suggested Pattern Jury Instructions, Vol. II, Criminal Cases, p. 15 (2nd ed. 1991).[3] Shortly thereafter, the court

---

[1] In *Cantrell*, the trial court required unanimous agreement on the greater offense after the jury rendered a guilty verdict on the lesser offense. Id. at 701. The jury then resumed deliberating and convicted on the greater offense. Id.

[2] In *Jones*, this passage was preceded with the observation that an "acquittal first" instruction "improperly interfere[d] with the jury's deliberations" by encouraging convictions on the greater offense. Id.

*Cantrell* also relied on *State v. Ogden*, 580 P2d 1049 (Or. App. 1978) which held "that it is error to instruct the jury that it must reach a verdict with respect to the offense charged before considering the lesser included offense." *Ogden*, 580 P2d at 1051. *Ogden* recommended instructing jurors "first to consider the charge in the accusatory instrument and if they cannot agree upon a verdict in that charge they are to consider the lesser included offenses." Id. at 1053.

[3] The pattern charge on lesser included offenses does not require acquittal before consideration of the lesser offense. It states: "If you do not believe beyond a reasonable doubt that the defendant is guilty of (indicted crime), but do believe beyond a reasonable doubt that the defendant is guilty of ————— , then you would be authorized to find the defendant guilty of ————— . . . ."

also gave the usual pattern charge requiring a unanimous verdict, instructing, "Whatever your verdict is, it must be unanimous, that is, agreed to by all 12 of you."

The fact is, a jury faithfully following these instructions would have to render a unanimous verdict on the burglary charge before considering the criminal trespass charge. No jury could innately comprehend that unanimity was required on all occasions except when acquitting a defendant in the context of considering a lesser included offense. The charge's practical effect is that the lesser included offense would never be considered absent a unanimous acquittal. Thus, we fail to see a qualitative difference between this case and the practice disapproved in *Cantrell*. We believe the charge as a whole was confusing on this critical issue and precluded consideration of the lesser included offense. *Brewton v. State*, 216 Ga. App. 346, 351 (6) (454 SE2d 558) (1995); see *Duggan v. State*, 225 Ga. App. 291, 296 (483 SE2d 373) (1997) (no error where trial court did not insist on unanimity before consideration of the lesser offense); accord *Brewer v. State*, 224 Ga. App. 656, 658 (3) (481 SE2d 608) (1997).

The pattern instruction on lesser included offenses, which *Cantrell* endorsed, avoids this confusion. *Cantrell*, 266 Ga. at 703. Rather than requiring an acquittal before consideration of the lesser offense, our pattern charge requires the inverse: a finding that the jurors do not believe beyond a reasonable doubt that the defendant is guilty of the greater offense. We believe there is a distinct legal difference between these two approaches. The pattern instruction circumvents the possibility that jurors will believe a unanimous acquittal is required before consideration of the lesser offense, a danger particularly real when, as here, an unanimity charge is given shortly after the instruction on lesser offenses. See *Gunn v. Dept. of Transp.*, 222 Ga. App. 684, 685-686 (1) (476 SE2d 46) (1996) (confusing and irreconcilable instructions require reversal).

Where, as here, the jury was instructed that if it found Kunselman not guilty, "then and only then" could it consider the lesser offense, the danger of requiring acquittal first is particularly evident. Rather than "merely suggesting" the order in which the offenses should be considered, the charge mandated unanimity. Compare *Harper v. State*, 157 Ga. App. 480, 481 (2) (278 SE2d 28) (1981). It prevented the jury from giving any consideration to the lesser included offense. This result cannot stand in light of *Cantrell*'s condemnation of the unanimity requirement, endorsement of the pattern instruction, and reliance on *Jones* and *Ogden*. Recognizing the confusion engendered by the charge as a whole, we reverse with instructions to employ the pattern charge on lesser offenses during retrial.

2. We must reject Kunselman's contention that the trial court

erred in its charge on criminal trespass. The court charged the jury as follows: "criminal trespass is a lesser included offense of burglary. A person commits the offense of criminal trespass when he enters the land or premises of another for an unlawful purpose other than a felony or theft." Kunselman maintains that the inclusion of the final six words was error. While the language at issue diverged from the criminal trespass statute, taken as a whole, the charge was not incorrect. Compare OCGA §§ 16-7-1 (a); 16-7-21 (b) (2). However, the better practice would be to employ the pattern charge on retrial.

3. In light of our disposition in this case, we need not reach the remaining enumerations, which challenge the sufficiency of the evidence.

*Judgment reversed. Case remanded with direction. McMurray, P. J., and Blackburn, J., concur.*

DECIDED APRIL 17, 1998.

*Benjamin Gratz, Jr.,* for appellant.
*C. Paul Bowden, District Attorney, Nancy G. Brimberry, Assistant District Attorney,* for appellee.