A03A2371. HORTON v. THE STATE.
(592 SE2d 534)

BARNES, Judge.

Morris Everett Horton was convicted of criminal attempt to obtain seven pounds of marijuana, and sentenced to serve seven years. His sole enumeration on appeal is that the trial court erred in its charge to the jury on how it should consider the lesser included offense of criminal solicitation to obtain marijuana. Because we find that the trial court cured the error in its initial charge, we affirm the conviction.

Horton acted as the middleman to broker a deal for seven pounds of marijuana between an undercover narcotics agent and the seller. The State revealed out of the jury's presence that the agent who set up the deal was unavailable to testify, so the evidence was presented by other agents with the Clayton County Narcotics Task Force, who watched the deal take place in a parking lot. An agent testified that Horton waited at the parking lot until two men in a silver sport utility vehicle drove up, then approached the driver's side of the SUV and leaned in through the open window to talk. The undercover agent then drove up in a black TransAm and talked to Horton for a

couple of minutes, after which Horton returned to the SUV to talk to the driver, who got out and came over to the TransAm. The SUV driver handed a package containing $6,000 to the undercover agent, who gave the signal to take down Horton and the driver.

The agents took Horton and the other men into custody, then drove to a meeting location where they interviewed the three men separately. When asked what he was doing at the parking lot, going back and forth to the SUV, Horton said he was there to broker a marijuana sale of seven pounds between the undercover agent and SUV driver, whom he introduced to each other.

At trial, the judge charged the jury with the definition of criminal attempt to purchase marijuana, then charged as follows:

> It is also a lesser-included offense that you may consider in this case, and that is criminal solicitation. And if you find that the defendant is not guilty of the offense of criminal attempt to obtain marijuana, you may then go on and consider whether or not the defendant is guilty of the offense of criminal solicitation, and I'm going to give you that definition as well.

After the jury retired and the trial court asked for objections, Horton objected to the quoted charge because the jury did not have to find him not guilty of the greater offense before it moved to the lesser offense. In response, the trial court changed the verdict form, brought the jury back out, and told it that it had three choices: find the defendant not guilty of anything, guilty of criminal attempt, or guilty of criminal solicitation. The court continued:

> I indicated to you earlier that you had to kind of go through them in order. You don't have to do that. You can, you don't have to decide that one of them doesn't apply before you can find the other one. You could go straight to criminal solicitation if you wanted to and skip over criminal attempt to obtain marijuana. Or, and I'm not suggesting to you an answer, you can go straight to not guilty if you want to. Any of these three choices you can decide in whatever order you want to. So you'll have this verdict form with you. You're to choose one of those three choices: not guilty, guilty of criminal attempt, or guilty of the lesser-included offense of criminal solicitation, and you can consider those in whatever order that you would like to consider.

Horton argues that, despite the trial court's efforts to fix its incorrect charge, the damage was irreparable. We disagree.

The Supreme Court of Georgia has condemned the practice of

requiring juries to unanimously agree on a greater offense before considering a lesser included offense. *Cantrell v. State,* 266 Ga. 700, 702-703 (469 SE2d 660) (1996). In *Kunselman v. State,* 232 Ga. App. 323, 324 (1) (501 SE2d 834) (1998), the trial court charged the jury, " 'if you find the defendant not guilty of [the greater offense], you would then and only then be authorized to consider the lesser included offense. . . .' " Id. This court went on to say, "The charge's practical effect is that the lesser included offense would never be considered absent a unanimous acquittal." Id. at 325.

The Supreme Court of Georgia subsequently considered a case in which the trial court charged the jury: "Should you find the defendant not guilty of the crime of burglary, you would be authorized to consider under the evidence whether or not he did, at said time and place, commit the lesser offense of criminal trespass." *Camphor v. State,* 272 Ga. 408, 414 (6) (d) (529 SE2d 121) (2000). The Court distinguished *Kunselman,* finding error in that the language of that charge directing the jury that if it found the defendant not guilty of the greater offense, it would *then and only then* be authorized to consider the lesser included offense. The Court continued, "While the charge in the present case deviates from the Suggested Pattern Instructions which we deem preferable, it does not compel the jury to reach a unanimous verdict on the greater offense before it may consider the lesser offense. Thus, it is not faulty under *Cantrell* or *Kunselman.*" (Footnote omitted.) Id. at 415.

The trial court's instruction in this case more closely resembles the charge allowed by the Supreme Court in *Camphor v. State,* supra, 272 Ga. at 414, than the charge disapproved in *Kunselman v. State,* supra, 232 Ga. App. at 324. "A trial court may instruct a jury to consider a greater offense before it considers a lesser offense. A trial court may not, however, instruct the jury that it must reach a unanimous verdict on the greater offense before considering the lesser offense." (Footnotes omitted.) *Armstrong v. State,* 277 Ga. 122, 123 (2) (587 SE2d 5) (2003). The court did not instruct the jury that it had to reach a unanimous verdict on the greater offense before it could address the lesser offense, and we therefore find no error.

*Judgment affirmed. Andrews, P. J., and Adams, J., concur.*

DECIDED DECEMBER 22, 2003.

*James W. Bradley,* for appellant.
*Robert E. Keller, District Attorney, Chad M. Doleac, Assistant District Attorney,* for appellee.