## A10A1855. DOCKERY v. THE STATE.
(707 SE2d 889)

DOYLE, Judge.

A Lumpkin County Superior Court convicted Rockey Allen Dockery of possession of methamphetamine with intent to distribute.[1] Dockery appeals, arguing that the trial court erred by (1) giving an impermissible sequential jury charge; (2) refusing to charge the jury on the law of equal access; (3) admitting hearsay statements;

---

[1] OCGA § 16-13-30 (b).

and (4) allowing an audiotaped statement to go out with the jury during deliberations. Dockery also contends that his trial counsel was ineffective for failing to timely object to improper closing argument by the prosecutor. For the reasons that follow, we affirm.

> On appeal from a criminal conviction, the evidence is construed in the light most favorable to the verdict of guilt, and the presumption of innocence no longer applies. An appellate court does not weigh the evidence or judge the credibility of the witnesses, but only determines whether the adjudication of guilt is supported by sufficient competent evidence.[2]

Viewed in this light, the evidence showed that on May 4, 2006, Officer Mitchell Selaine used a confidential informant to purchase narcotics from 1109 Blackburn Road, Dockery's residence. The purchase was made from an individual named Terry Rollins, who told the confidential informant that he "did not have any more marijuana," but Dockery was supposed to have returned that day and had not shown up, so Rollins "did not know if [Dockery] would be back . . . with meth[amphetamine]." This statement was introduced at trial through the testimony of Officer Selaine.

On May 15, Officer Selaine executed a search warrant for 1109 Blackburn Road based on the sale of drugs to the confidential informant. The search team consisted of numerous officers, who secured the perimeter of the residence, and Officer Selaine testified that no one fled the scene. Upon entering the residence, officers brought Dockery out front and searched his person, resulting in the discovery of 21.38 grams of methamphetamine contained in 13 separate bags in Dockery's front shirt pocket as well as $732 in cash in his front pants pocket, even though Dockery was not employed at the time. Dockery first told Officer Selaine that he put the methamphetamine there himself, and later he told the officer that Rollins put the narcotics in the pocket prior to fleeing the house. In addition to the narcotics on Dockery's person, a small amount of liquid methamphetamine was discovered inside the residence near a piece of mail addressed to Dockery as well as syringes and other drug paraphernalia.[3]

Dockery and Rollins were indicted in a four-count indictment, only one of which pertained to Dockery. Rollins later pleaded guilty. At trial, Dockery did not testify, but the defense called several

---

[2] (Punctuation omitted.) *Wilson v. State*, 256 Ga. App. 741 (1) (569 SE2d 640) (2002).

[3] Approximately .25 grams of suspected methamphetamine was scraped from a spoon taken from the residence.

witnesses who testified that Rollins lived at the home and paid rent to Dockery, and a woman also lived there and gave Dockery $600 to hold for her. Barbara Marie Croy also testified that approximately 30 seconds prior to the officers' entry to the home, Rollins put something into Dockery's shirt pocket before fleeing the house.

The jury found Dockery guilty of one count of possession of methamphetamine with intent to distribute. Dockery filed a motion for new trial, which was denied after a hearing. Dockery appeals his conviction, and we affirm.

1. Dockery first argues that his conviction must be reversed because the trial court's jury instruction on possession of methamphetamine, as a lesser included offense, was an improper sequential charge.

> It is within the discretion of the trial court to determine whether supplemental jury instructions are necessary. On appeal, we review the trial court's determination for abuse of that discretion, taking into account the sensitive nature of the judge's responsibility at this stage of the trial and the duty of the trial judge to provide impartial and effective guidance on the law for the jury to follow in its deliberations.[4]

As authority in support of his contention, Dockery relies on *Cantrell v. State*.[5] Dockery, however, misapprehends *Cantrell*, which explains that jury unanimity on the greater charge is not required before the jury may deliberate on the lesser included charge.[6] Thus, "[a] trial court may instruct a jury to consider a greater offense before it considers a lesser offense. A trial court may not, however, instruct the jury that it must reach a unanimous verdict on the greater offense before considering the lesser offense."[7] The record in this case demonstrates that neither the trial court nor the verdict form required the jury to reach a unanimous verdict on the greater offense before considering the lesser-included offense. The jury was instructed to consider the lesser offense of possession of methamphetamine only if they did not believe beyond a reasonable doubt that Dockery was guilty of possession of methamphetamine with intent to distribute.[8] "Such a sequential charge is acceptable so long as the trial court does not insist upon unanimity with regard to the

---

[4] (Citation and punctuation omitted.) *Waddell v. State*, 277 Ga. App. 772, 775 (2) (627 SE2d 840) (2006).

[5] 266 Ga. 700 (469 SE2d 660) (1996).

[6] See id. at 701-703.

[7] (Footnote omitted.) *Armstrong v. State*, 277 Ga. 122, 123 (2) (587 SE2d 5) (2003).

[8] Compare *Camphor v. State*, 272 Ga. 408, 414-415 (6) (d) (529 SE2d 121) (2000) (holding

jury's decision on the greater offense."[9]

2. Next, Dockery argues that the trial court abused its discretion[10] by refusing to charge the jury on the doctrine of equal access. We disagree.

Dockery was discovered with 21.38 grams of methamphetamine in 13 separate baggies in his left front shirt pocket as well as $732 in currency in his pants pocket. The doctrine of equal access applies only to cases of constructive possession,[11] and here, the evidence showed that Dockery actually possessed on his person methamphetamine, packaged such that the jury could find that he intended to distribute the contraband. Accordingly, the trial court did not abuse its discretion by denying Dockery's request to charge on the doctrine of equal access.

3. Dockery also argues that the trial court erred by allowing Rollins's statement into evidence through Officer Selaine's testimony. We disagree.

OCGA § 24-3-5 states that "[a]fter the fact of conspiracy is proved, the declarations by any one of the conspirators during the pendency of the criminal project shall be admissible against all."

A conspiracy may be shown by proof of an agreement between two or more persons to commit a crime. The existence of the conspiracy agreement may be established by direct proof, or by inference, as a deduction from acts and conduct, which discloses a common design on their part to act together for the accomplishment of the unlawful purpose. The existence of a common design or purpose between two or more persons to commit an unlawful act may be shown by direct or circumstantial evidence.[12]

that it was not erroneous for the trial court to charge:

> If you find beyond a reasonable doubt that this defendant did commit the crime of burglary then you would be authorized to find the defendant guilty. If you have a reasonable doubt that the defendant committed the offense of burglary it would be your duty to give him the benefit of the doubt and find him not guilty. Should you find the defendant not guilty of the crime of burglary, you would be authorized to consider under the evidence whether or not he did, at said time and place, commit the lesser offense of criminal trespass.)

(punctuation omitted) with *Kunselman v. State*, 232 Ga. App. 323, 324 (1) (501 SE2d 834) (1998) (holding that it was reversible error for the court to instruct the jury that "if you find the defendant not guilty of burglary, you would then and only then be authorized to consider the lesser included offense of criminal trespass") (punctuation omitted).

[9] (Punctuation omitted.) *Allison v. State*, 259 Ga. App. 775, 779 (4) (577 SE2d 845) (2003).

[10] See *Waddell*, 277 Ga. App. at 775 (2).

[11] See *Davis v. State*, 304 Ga. App. 355, 363-364 (6) (696 SE2d 381) (2010).

[12] (Punctuation and footnotes omitted.) *Brooks v. State*, 281 Ga. 14, 15 (2) (635 SE2d 723) (2006).

The evidence adduced at trial provided sufficient circumstantial evidence of a conspiracy to possess methamphetamine with intent to distribute such that it was proper to allow Rollins's hearsay statements implicating Dockery in a conspiracy to distribute methamphetamine and other narcotics. When the search warrant was executed on Dockery's home, Dockery claimed that Rollins was in the home immediately prior to the officers' entry and that Rollins deposited the methamphetamine into Dockery's front shirt pocket. Additionally, the methamphetamine was contained in 13 individual bags, and Dockery also possessed in his pants pocket a large amount of currency. Testimony showed that Rollins was living in his home, and Dockery claimed that Rollins, and not he, was selling any narcotics located in the home. This circumstantial evidence is sufficient to show the prima facie existence of a conspiracy between Rollins and Dockery to distribute methamphetamine.[13] Simply because Dockery disavowed any involvement in the scheme does not show error on the part of the trial court for allowing into evidence Rollins's statement to a criminal informant, which implicated Dockery as a seller of narcotics.

4. Dockery contends that the trial court erred by allowing into jury deliberations his recorded statement to officers, which he contends was not admitted into evidence by the State.

The statement was played during the State's case, but there seemed to be some confusion at trial as to whether the State introduced the evidence.[14] Although the prosecutor stated that the recording itself was not going "into evidence," it appears that she intended the statement to be part of the evidence, but to prevent the actual recording from going to the jury during deliberations. Additionally, it is not clear from the record whether the recording was actually replayed for the jury or sent to the jury to be viewed again. Assuming that the tape was sent out with the jury, it would be a violation of the continuing witness rule.[15] A violation of the continuing witness rule, however, does not require reversal if the error was harmless.[16]

> The Supreme Court of Georgia has adopted the highly probable test when determining if an error is harmless. If it is highly probable that the error did not contribute to the

---

[13] See id. at 15-16 (2).

[14] The statement is not contained in the record, but it appears that Dockery reiterated his statements to officers that Rollins had put the methamphetamine in his pocket.

[15] See *Sagenich v. State*, 255 Ga. App. 663, 665 (2) (566 SE2d 327) (2002); *Summage v. State*, 248 Ga. App. 559, 561 (1) (546 SE2d 910) (2001) (a "trial court has discretion to allow the jury to rehear recorded statements, if it is done in open court").

[16] See *Summage*, 248 Ga. App. at 561 (1).

judgment then the error is harmless. The proper test to determine whether error is harmless (due to overwhelming evidence of guilt) is not whether there is sufficient other evidence to convict but whether it is highly probable that the error did not contribute to the judgment.[17]

The statement that it appears Dockery made on the recording (it is not before us in the record) was also testified to by an officer at the scene that Rollins put the methamphetamine in his pocket before running out of the house. Nevertheless, it is highly probable that the error did not contribute to the judgment based on the overwhelming proof of Dockery's guilt.[18] It appears from the information available to us that the recording was cumulative of the statements Dockery made at the scene as testified to by the officers, and it therefore supported Dockery's argument to the jury that he did not intentionally possess the methamphetamine. Thus, it is unlikely that any error occurred in allowing the jury to re-hear Dockery's recorded statement with regard to this evidence. Accordingly, this enumeration is without merit.

5. Finally, Dockery contends that his trial counsel was ineffective for failing to contemporaneously object to the prosecution's improper closing argument, which implied that the trial court's ruling on evidence constituted a credibility determination.[19]

To prevail on a claim of ineffective assistance of trial counsel, appellant must show counsel's performance was deficient and that the deficient performance prejudiced him to the point that a reasonable probability exists that, but for counsel's errors, the outcome of the trial would have been different. A strong presumption exists that counsel's conduct falls within the broad range of professional conduct.[20]

During closing argument, the prosecutor referenced Officer Selaine's testimony concerning Rollins's out-of-court statement, saying that "Selaine heard the tape and he told you exactly what . . . Rollins said on the tape. [The trial court] also listened to the tape to make sure that what Agent Selaine told you was correct. So there was no need for [the prosecution] to play the tape for you." At the

---

[17] (Citations and punctuation omitted.) *Morrow v. State*, 229 Ga. App. 242, 245 (4) (493 SE2d 616) (1997).

[18] See, e.g., id.; *Owens v. State*, 248 Ga. 629, 631-632 (284 SE2d 408) (1981).

[19] We note that the closing arguments were not transcribed, but the relevant facts are not contested by the parties.

[20] (Punctuation omitted.) *Hubbard*, 285 Ga. at 793 (3). See *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

end of the State's closing, trial counsel objected to the statement, and the trial court sustained the objection, issuing the following curative instruction:

> During the course of the State's closing argument, reference was made to the fact that the Court heard some items which were otherwise testified to later by Agent Selaine. I want to remind you [that] by no ruling or comment which I have made have I intended to express any opinion upon the facts of the case, credibility of witnesses, upon evidence, or upon whether the defendant is guilty or not guilty of the charges. Often Courts hear pieces of evidence outside your presence for a variety of reasons, but the Court has no opinion as to the veracity of any matter. All of that, as I've given you in charge earlier, is for you to decide.

Trial counsel did not object to this instruction, and Dockery now contends that this was ineffective assistance of counsel because the instruction supported the State's argument that the tape in fact existed, contrary to Dockery's argument during closing. Thus, Dockery contends that trial counsel was ineffective for not moving for a mistrial.

Pretermitting whether trial counsel's failure to move for mistrial after the trial court sustained his objection to the argument and issued the instruction above, this enumeration fails to establish the necessary prejudice to show ineffective assistance of counsel. The instruction above does not absolutely state that a recording of Rollins's statement existed, and in light of the evidence adduced at trial, Dockery has failed to establish that trial counsel's decision not to renew his motion for mistrial after issuance of the curative instruction would have resulted in a different outcome at trial.[21]

*Judgment affirmed. Ellington, C. J., and Andrews, J., concur.*

DECIDED MARCH 17, 2011 — 

*Brian Steel*, for appellant.
*N. Stanley Gunter, District Attorney, Thomas D. Wight, Assistant District Attorney*, for appellee.

---

[21] See *Morrow*, 229 Ga. App. at 245 (4).