**FOURTH DIVISION**
**DOYLE, P. J.,**
**ANDREWS, P. J., and BOGGS, J.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**March 26, 2013**

# In the Court of Appeals of Georgia

A12A2494. THE STATE v. NICHOLSON.
A12A2495. THE STATE v. JONES.

BOGGS, Judge.

In these consolidated appeals, the State appeals from the trial court's grant of a new trial to Jason Nicholson and Laranda Jones.[1] The State contends that the trial court erred by granting a new trial because alleged errors in the written instructions and verdict form provided to the jury were waived by defense counsel and do not amount to plain error. For the reasons explained below, we agree and reverse.

"We review the grant of a motion for new trial on special grounds involving a legal question de novo and reverse if the trial court committed legal error." *O'Neal v. State*, 285 Ga. 361, 363 (677 SE2d 90) (2009). Because the trial court in this case

---

[1] We have jurisdiction over these direct appeals based upon OCGA § 5-7-1 (a) (7) and OCGA § 5-7-2 (b) (2) and (c).

granted a new trial based upon legal errors in its written charge as well as the verdict form and *not* the general grounds, we will conduct a de novo review. *O'Neal*, supra.

The record shows that the charges against Nicholson and Jones[2] arose out of Nicholson's methamphetamine transactions with the male victim, allegations of theft against the male victim by Nicholson, and a subsequent physical altercation between Nicholson, Jones, and the male victim and his girlfriend, the second victim. Following their convictions, Nicholson and Jones moved for a new trial, asserting that they received ineffective assistance of counsel and that the trial court erred in its charge to the jury and in the verdict form provided to the jury.[3] They asserted, in part,

[2] The State charged Nicholson with robbery, two counts of aggravated assault, aggravated battery, and terroristic threats. It charged Jones with the same crimes, plus an additional count of aggravated assault. At the conclusion of the State's case, the trial court granted a directed verdict in Nicholson's favor on the aggravated battery charge. The jury convicted Nicholson of robbery and two counts of aggravated assault; it found him not guilty of terroristic threats. The jury convicted Jones of robbery, two counts of aggravated assault, a lesser included offense of simple assault, and a lesser included offense of simple battery; it found her not guilty of terroristic threats and aggravated battery.

[3] The State's claim that the only ground upon which appellees sought a new trial was ineffective assistance of counsel is not supported by the record. While the first amendment to the motion for new trial asserted only ineffective assistance of counsel, Appellees' counsel clearly asserted that the trial court also erred during the motion for new trial hearing and in supplemental briefs submitted after the hearing.

2

that the trial court erred by inadvertently providing the jury the following inapplicable written charge to use during their deliberations:

*Form of Verdict*

If, after considering the testimony and evidence presented to you, together with the charge of the court, you should find and believe beyond a reasonable doubt that the defendants in Floyd County, Georgia, did commit the offenses of *statutory rape, child molestation, and enticing a child for indecent purposes, as alleged in the indictment*, you would be authorized to find the defendants guilty. (Emphasis supplied.)

The trial court concluded that this "was a typographical error." Its oral charge and the verdict form provided to the jury did not list the same inapplicable offenses against children.

Nicholson and Jones also asserted that the verdict form, in conjunction with the oral charges of the court, improperly instructed the jury that they were only authorized to consider lesser included offenses if they first unanimously agreed to an acquittal of the greater offense. In support of this argument, they point to the following language in the verdict form that was listed in each of the counts for which the jury was instructed on a lesser included offense (aggravated assault and

3

aggravated battery): "(Lesser Offense - Complete this section *only if* you find the Defendant . . . *not guilty* of [greater offense])." (Emphasis supplied.) Based upon the trial court's oral and written instruction to the jury that their verdict must be unanimous,[4] as well as its oral charges on the lesser included offenses generally,[5] appellees asserted that the charge as a whole was improper and entitled them to a new trial.[6]

---

[4] The trial court charged, "Whatever your verdict is, it must be unanimous; that is, agreed to by all twelve."

[5] The trial court *orally* charged the jury as follows:

I am also going to give you the charge of simple assault because should you find the defendants not guilty of aggravated assault, you would be authorized to find the defendant guilty or not guilty of the lesser offense of simple assault."

Should you find Ms. Jones not guilty of the offense of aggravated battery, you would then be called upon to find her either guilty or not guilty of the lesser offense of battery. . . ."

And with respect to the assault and battery counts, you'll first determine whether the defendant is guilty of aggravated assault or aggravated battery. Only if you find the defendant not guilty, then you should complete the second section and determine whether the defendant is guilty or not guilty of the offense of simple assault or simple battery . . . as the case may be.

[6] The trial court's *written* charge to the jury on the lesser included offenses differed, providing: "If you do not believe that the defendant is guilty of [the greater

4

The trial court accepted both of these arguments and granted appellees a new trial,[7] reasoning

> that its verdict form and instructions, taken as a whole, required unanimity of the jurors on the greater offenses of Aggravated Assault and Aggravated Battery (Counts 2, 3, 4 and 6) before considering lesser included offenses. Accordingly, the verdict form and instructions were in contravention of the courts' holdings in *Kunselman v. State*, 232 Ga. App. 323 [(501 SE2d 834)] (1998) and *Cantrell v. State*, 266 Ga. 700 [(469 SE2d 660)] (1996). Further, the written jury instructions inadvertently set forth certain offenses (statutory rape, child molestation, and enticing a child for indecent purposes) with which the defendants were not charged. Although it is apparent to the Court that this was a typographical error, the jury could have believe[d] that these Defendants

---

offense], but you do believe beyond a reasonable doubt that the defendant is guilty of [the lesser offense], then you would be authorized to find the defendant guilty of [the lesser offense]. . . ."

This written charge more closely tracks the pattern charge on lesser included offenses: "If you do not believe *beyond a reasonable doubt* that the defendant is guilty of (*indicted crime*), but do believe beyond a reasonable doubt that the defendant is guilty of , then you would be authorized to find the defendant guilty of ." (Emphasis supplied.) Suggested Pattern Jury Instructions, Vol. II: Criminal Cases § 1.60.11 (2010). The trial court omitted the italicized language in the pattern charge from its written charge.

[7] It did not analyze plain error based upon the appellees' failure to object to the charges or the verdict form.

had previously been charged with the inapplicable offenses, thereby improperly placing their character in issue.

1. The State contends that the trial court erred by granting a new trial on all counts based upon an inadvertent reference to the inapplicable offenses of statutory rape, child molestation, and enticing a child for indecent purposes in the written instructions it provided to the jury. Because no objection was raised to the written instructions below, we must consider whether plain error entitled the appellees to a new trial on all counts. *State v. Kelly*, 290 Ga. 29 (718 SE2d 232) (2011).

In *Kelly*, the Supreme Court of Georgia held that each of the following four prongs must exist to demonstrate plain error:

> First, there must be an error or defect — some sort of deviation from a legal rule — that has not been intentionally relinquished or abandoned, i.e., affirmatively waived, by the appellant. Second, the legal error must be clear or obvious, rather than subject to reasonable dispute. Third, the error must have affected the appellant's substantial rights, which in the ordinary case means he must demonstrate that it affected the outcome of the trial court proceedings. Fourth and finally, if the above three prongs are satisfied, the appellate court has the discretion to remedy the error — discretion which ought to be exercised only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings.

(Citations and punctuation omitted.) Id. at 33 (2) (a). In this case, the error did not affect the substantial rights of the appellees. While the written instructions to the jury made a passing reference to inapplicable charges in one isolated instance, the remainder of the written charge accurately stated the offenses for which the appellees were actually indicted (robbery, aggravated assault, terroristic threats and aggravated battery), the definition and elements of each indicted offense, and the appropriate lesser included offenses. Additionally, the court's oral charge to the jury made no reference to any inapplicable offenses, and the verdict form accurately stated the offenses to be considered by the jury. Based upon the charge as a whole and the lack of any evidence in the trial raising issues concerning the two defendants' conduct toward any children, we cannot conclude that the isolated reference to inapplicable charges affected the outcome of their trial. See *Jackson v. State*, 316 Ga. App. 588, 596-597 (5) (c) (730 SE2d 69) (2012) (new trial not required when trial court inadvertently labeled crime aggravated assault instead of aggravated battery in its charge to the jury). The trial court therefore erred in granting a new trial on this ground.

2. The State contends that the trial court also erred by granting a motion for new trial based upon alleged errors in its charge on lesser-included offenses. In order

7

to evaluate this contention, we must first examine the rule upon which the trial court relied to grant appellees a new trial.

In the oft-cited case of *Cantrell v. State*, 266 Ga. 700 (469 SE2d 660) (1996), the Supreme Court of Georgia held that "where, as here, a jury deliberates a greater offense and an included offense, unanimity is not required for the greater offense before the jury can vote on the included offense. [Cit.]" 266 Ga. at 703. Because the trial court in *Cantrell* required the jury to continue deliberating after it announced that it could not agree unanimously on the indicted offense, but had reached a verdict of guilty on the lesser included offense, the Supreme Court held that the defendant was entitled to a new trial. It reasoned that "[w]hile this case does not involve a unanimity instruction, the end result is the same. By refusing to accept the jury's verdict of guilty on the possession offense, the court forced the jury to reach unanimous agreement on the [greater offense] before considering the [lesser offense]." (Footnote omitted.) Id.

The Supreme Court took care to note in its *Cantrell* opinion that "[i]t was necessary for the jury to *consider* the intent to distribute charge before it considered the possession charge. The court so instructed the jury and it complied with that instruction." (Emphasis in original.) Id. at 703 n. 3. It also observed that "[w]e have

8

no quarrel with such a charge so long as the court *does not insist upon unanimity* and is willing to accept a verdict on the lesser offense." (Emphasis supplied.) Id. at 702 n. 2.

In the only subsequent Georgia decision granting a new trial based upon an improper unanimity charge, the trial court instructed the jury that "with respect to the burglary count in Count 1, if you find the defendant not guilty of burglary, you would *then and only then* be authorized to consider the lesser-included offense of criminal trespass on that count." (Citation, punctuation and footnote omitted; Emphasis supplied.) *Kunselman v. State*, 232 Ga. App. 323, 324 (1) (501 SE2d 834) (1998) . This court found it significant that shortly after giving this charge, "the court also gave the usual pattern charge requiring an unanimous verdict, instructing, 'Whatever your verdict is, it must be unanimous, that is, agreed to by all 12 of you.'" Id. at 324-325 (1). We concluded there was no "qualitative difference between this case and the practice disapproved in *Cantrell*," supra, and "revers[ed] with instructions to employ the pattern charge on lesser offenses during retrial." Id. at 325.

Following our decision in *Kunselman*, the Supreme Court considered the following charge: "Should you find the defendant not guilty of the crime of burglary, you would be authorized to consider under the evidence whether or not he did, at said

time and place, commit the lesser offense of criminal trespass." *Camphor v. State*, 272 Ga. 408, 414-415 (6) (d) (529 SE2d 121) (2000). It concluded that this charge, while not preferable, was "not faulty under *Cantrell* or *Kunselman*" because it "does not compel the jury to reach a unanimous verdict on the greater offense before it may consider the lesser offense." Id. at 415. See also *Arrington v. Collins*, 290 Ga. 603, 607-608 (3) (724 SE2d 372) (2012) (finding no reversible error resulted from charge to jury "that it could consider the lesser-included offense of simple possession if it first found Collins not guilty of trafficking") (Punctuation omitted.).

This court has also declined to reverse for a new trial when the charge at issue allows for consideration of a lesser-included charge when a jury does not find the defendant guilty of the greater offense *beyond a reasonable doubt*, even if some mandatory sequential language such as "only if" or "then" is included. See *Dockery v. State*, 308 Ga. App. 502, 504-505 (1) (707 SE2d 889) (2011) (charge acceptable when "jury was instructed to consider the lesser offense of possession of methamphetamine only if they did not believe beyond a reasonable doubt that Dockery was guilty of possession of methamphetamine with intent to distribute") (Citation and footnote omitted.); *Allison v. State*, 259 Ga. App. 775, 779 (4) (577 SE2d 845) (2003) (acceptable sequential charge when jury "instructed to consider the

10

lesser offense of possession of cocaine only if they did not believe beyond a reasonable doubt that defendants were guilty of conspiracy to traffic in cocaine").

Finally, in *Horton v. State*, 264 Ga. App. 907, 908-909 (592 SE2d 435) (2003), we concluded that the following charge, in conjunction with the trial court's recharge, did not compel a jury to reach a unanimous verdict on the greater offense before considering the lesser offense: "And if you find that the defendant is not guilty of the offense of criminal attempt to obtain marijuana, you may then go on and consider whether or not the defendant is guilty of the offense of criminal solicitation." Id. In its recharge, the trial court clarified that the jury had choices on the verdict form with regard to greater and lesser offenses and that it could consider these choices "in whatever order [they] would like." Id. at 908.

Having examined the law on improper sequential unanimity charges, we conclude that the charges and verdict form in this case "more closely resemble[] the charge allowed by the Supreme Court in *Camphor* [], supra, 272 Ga. at 414, than the charge disapproved in *Kunselman* [], supra, 232 Ga. App. at 324." *Horton*, supra, 264 Ga. App. at 909. As in *Horton*, "[t]he court did *not* instruct the jury that it had to reach a unanimous verdict on the greater offense before it could consider address the lesser offense," id., and it did not insist upon unanimity or compel the jury to do so.

See *Camphor*, supra, 272 Ga. at 414-415 (6) (d) (charge did not "compel" jury); *Cantrell*, supra, 266 Ga. at 702 n.2 (court cannot "insist" upon unanimity). Instead, "[t]he instructions merely required a unanimous verdict as a whole." *Pittman v. State*, 273 Ga. 849, 849-850 (2) (546 SE2d 277) (2001), disapproved on other grounds, *Ledford v. State*, 289 Ga. 70, 85 (14) (709 SE2d 239) (2011). Because the trial court erred by concluding that it gave an improper sequential unanimity charge, we must reverse its grant of a new trial to appellees on this ground as well.

3. As in *State v. Kelly*, supra, the trial court did not reach all of the grounds asserted in Nicholson and Jones' motion for new trial and amended motion for new trial in its order granting the motion on two of the grounds asserted. We therefore remand this case to the trial court to consider the issues that were raised but not yet ruled upon. 290 Ga. at 34-35 (3).

*Judgments reversed and cases remanded with direction. Doyle, P. J. and Andrews, P. J., concur.*