**FOURTH DIVISION**
**DOYLE, P. J.,**
**MCFADDEN and BOGGS, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**March 4, 2014**

# In the Court of Appeals of Georgia

A13A2126. JONES v. THE STATE.
A13A2127. NICHOLSON v. THE STATE.

BOGGS, Judge.

In *State v. Nicholson*, 321 Ga. App. 314 (739 SE2d 145) (2013), we reversed the trial court's grant of a new trial to both Jason Nicholson and Laranda Jones based on alleged errors in the jury instructions and verdict form. We then remanded the case for the trial court to consider the remaining issues raised in the motions for new trial but not ruled upon in its original orders. Id. at 320 (3). Upon remand, the trial court denied both motions, and Jones and Nicholson appeal, asserting identical allegations of ineffective assistance of counsel and the improper limitation of cross-examination by the trial court. Finding no error, we affirm.

1. As we noted in the previous appearance of this case, "[t]he record shows that the charges against Nicholson and Jones arose out of Nicholson's methamphetamine transactions with the male victim, allegations of theft against the male victim by Nicholson, and a subsequent physical altercation between Nicholson, Jones, and the male victim and his girlfriend, the second victim." Id. at 314-315. Jones and Nicholson contend that the trial court erred in curtailing the cross-examination of the victims "regarding the events of the next day." The day after the robbery and aggravated assaults for which Jones and Nicholson were convicted, the female victim called the police to complain that the male victim had stolen her car. The police investigation uncovered drug paraphernalia in the male victim's room, and he was arrested. At the time of trial, charges remained pending against the male victim.

As the trial began, the State moved in limine to exclude evidence of the male victim's arrest. After some discussion, the trial court denied the State's motion, stating that it would rule when the evidence was offered. The following day, the issue was again raised when defense counsel noted that he wanted to mention the male victim's possession of drugs during his opening statement. The trial court again noted that the events of the following day did not appear to be relevant unless a connection

could be shown to the female victim's injuries, but that he would revisit the issue depending on the evidence adduced at trial.

Later in the trial, after the examination of the second victim, trial counsel again sought a ruling on the admission of evidence of the later events, asserting that the male victim had "opened the door" by testifying that the robbery "ruined his relationship" with the female victim. The trial court again declined to allow the testimony. When the female victim testified, trial counsel yet again sought to admit the testimony, and the prosecutor responded, "Actually, fine. Just let it happen – let it in. That's fine. Go for it." The State then presented the evidence regarding a protective order obtained by the female victim against the male victim, the drug paraphernalia, and the stolen car on re-direct examination, and trial counsel cross-examined the female victim.

On remand, the trial court found that, even though the evidence was originally ruled irrelevant, it was later introduced. Jones and Nicholson must show harm as well as error. *Clayton v. State*, 319 Ga. App. 713, 714 (1) (738 SE2d 299) (2013). Assuming without deciding that the exclusion was error, the presentation of the evidence to the jury later in the trial renders any error harmless. *Williams v. State*, 178 Ga. App. 581, 591 (11) (344 SE2d 247) (1986). See also *Mitchell v. State*, 293 Ga.

1, 2-3 (2) (742 SE2d 454) (2013) (exclusion of evidence harmless because cumulative of other testimony).

Jones and Nicholson now argue that they should have been able to cross-examine the male victim on the pending charges against him because it could have shown a "motive and bias that may influence the witness' testimony." But, even though the male victim had already testified, he was subject to recall at the express reservation of defense counsel. The witness could have been recalled and cross-examined once the State conceded to admission of the evidence, but Jones and Nicholson failed to do so, and they cannot now complain. See *Green v. State*, 298 Ga. App. 17, 24 (5) (679 SE2d 348) (2009) (appellant could not claim denial of right to confront witness when he declined opportunity to cross-examine).

2. Jones and Nicholson raise a number of allegations of ineffective assistance of counsel.

> The burden of establishing the ineffective assistance of trial counsel is a heavy one that requires an appellant to establish both that counsel's performance fell below an objective standard of reasonableness, and that, but for counsel's deficient performance, there is a reasonable probability that the outcome of the trial would have been different. Regarding this second prong, it is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the

4

proceedings, he must establish a reasonable probability that but for the error, his trial would have ended differently. A failure to make a sufficient showing on either of these prongs will be fatal to a claim of ineffective assistance. A trial court's finding that a defendant has been afforded effective assistance of counsel must be upheld unless that finding is clearly erroneous.

(Citations, punctuation, and footnotes omitted.) *Polite v. State*, 273 Ga. App. 235, 239 (4) (614 SE2d 849) (2005).

(a) Jones and Nicholson claim that trial counsel was ineffective in failing to object when the trial court excluded evidence regarding the male victim's arrest on the day following the incident. As noted in Division 1, supra, this evidence was heard by the jury later in the trial. The claim of ineffective assistance in failing to object to any earlier exclusion is therefore without merit. "Failure to raise a meritless objection cannot constitute ineffective assistance of counsel." (Citations and punctuation omitted.) *Jones v. State*, 294 Ga. App. 854, 856 (3) (670 SE2d 506) (2008). See also *Polite*, supra, 273 Ga. App. at 239-240 (4) ("As we determined in Division 3, even if objection to the statement had been both proper and timely, the same evidence was properly introduced later in the trial, and, as such, counsel's failure to object to the statement did not contribute to the proceeding's outcome. [Cit.]"

5

(b) Jones and Nicholson now contend that trial counsel should have raised a Confrontation Clause objection to not being allowed to cross-examine the male victim. But, as noted in Division 1, above, trial counsel reserved the right to recall the male witness for purposes of cross-examination and was not prevented from doing so. Jones and Nicholson therefore cannot demonstrate that they were prejudiced by failure to raise such an objection. See *Green v. State*, supra, 298 Ga. App. at 24 (5).

(c) Jones and Nicholson also complain that trial counsel was ineffective in failing to object to testimony regarding the medical status of the victims. Trial counsel testified at some length to his reasons for not objecting to testimony regarding the male victim's HIV status, including that it "did not justif[y] me getting involved in trying to make such an issue of it." He observed that the male victim was an unsympathetic witness who was "very unstable looking," and in light of that he did not believe his HIV status would affect the jury's decision one way or the other. He testified similarly regarding the female victim's alleged depression and social security disability status, asserting that he chose not to "get into this mental business" because he did not believe it would affect the jury's verdict. "Trial tactics and strategy, no matter how mistaken in hindsight, are almost never adequate grounds for finding trial counsel ineffective unless they are so patently unreasonable that no competent

attorney would have chosen them." (Citation and punctuation omitted.) *Flemister v. State*, 317 Ga. App. 749, 757 (4) (b) (732 SE2d 810) (2012). Because we cannot say that trial counsel's strategy was patently unreasonable under the circumstances presented, the trial court was authorized to deny this ineffective assistance claim.

(d) Finally, Jones and Nicholson also allege that trial counsel was ineffective in failing to cross-examine a police officer regarding inconsistencies between what the witnesses testified and what he observed on the day of the incident. Trial counsel testified that he did not want to give the officer the chance to explain away the inconsistencies, or to add more unfavorable testimony on cross-examination, but preferred to address any inconsistencies in closing argument. This strategy is likewise not patently unreasonable. Id. Counsel's strategic decision to forego cross-examination of the officer and employ another tactical method or goal was reasonable and did not constitute deficient performance. *Pitts v. State*, 323 Ga. App. 770, 775 (3) (747 SE2d 699) (2013).

*Judgment affirmed. Doyle, P. J., and McFadden, J., concur.*