McFADDEN, Judge,
dissenting.
Gilmer has shown that his trial counsel’s failure to object to the bolstering testimony of two witnesses was deficient performance and so prejudiced him that, but for the deficiency, there is a reasonable probability that the outcome of the trial would have been different,. See Daniel v. State, 338 Ga. App. 389, 392 (3) (787 SE2d 281) (2016). Because Gilmer has shown that he received ineffective assistance of counsel, his convictions should be reversed. I therefore respectfully dissent.
1. Deficient performance.
As the majority finds, both the state’s expert witness and the family friend to whom F. P. made his outcry gave impermissible bolstering testimony And at the hearing on the motion for new trial, Gilmer’s trial counsel agreed that these were both instances of improper bolstering testimony and that such testimony generally should draw an objection. Trial counsel testified that there was no *604 strategic reason for his failure to object to the bolstering testimony of the expert witness. He further testified that he did not think to object to the bolstering testimony of the family friend; instead, he was focused on “trying to draw out that [the witness] was just speaking on emotion rather than just the facts” and had “never observed or [seen], or heard anything up to that point, so, how could she be so sure, when she had no personal observation, whatsoever.”
While “trial counsel is afforded tremendous deference over matters of trial strategy,” such “trial strategy must be reasonably supported and within the wide range of professionally competent assistance.” Westbrook v. State, 291 Ga. 60, 64 (4) (b) (727 SE2d 473) (2012) (citation and punctuation omitted). In Orr v. State, 262 Ga. App. 125 (584 SE2d 720) (2003), for example, we held that trial counsel’s performance fell outside the range of professionally competent assistance when he failed to object to improper bolstering testimony because he did not perceive it to be a comment on the witness’s credibility and because, in any event, he did not believe the testimony was harmful. Id. at 129 (3).
A strategic choice is necessarily part of a strategy. It is a choice to forgo one potential advantage in favor of another. See, e.g., Jones v. State, 325 Ga. App. 895, 898 (2) (d) (755 SE2d 815) (2014) (discussing counsel’s strategic decision to forgo cross-examination of witness in favor of “another tactical method or goal”). Although a decision not to object may be a part of a reasonable trial strategy, see Walker v. State, 329 Ga. App. 369, 376 (3) (d) (765 SE2d 599) (2014), the record does not show that trial counsel made any such decision in this case. To the contrary, trial counsel’s testimony shows that he made no decision at all concerning the improper bolstering. Trial counsel admitted to having no strategic reason for not objecting to the expert witness’s testimony, and while he explained his efforts to mitigate the family friend’s testimony, trial counsel did not indicate that he had done so as an intentional strategic alternative to an objection; rather, he simply did not think to object. The record does not reflect, nor did the trial court find,[10] that trial counsel made a strategic decision not to object to the family friend’s bolstering testimony but instead to subject it to cross-examination. Cf. Billington v. State, 313 Ga. App. *605 674, 677 (1) (722 SE2d 395) (2012) (“Not objecting to testimony, but instead subjecting it to cross-examination, may be part of a reasonable trial strategy”) (citations, punctuation and footnote omitted). Moreover, I do not see how an objection would have been inconsistent with his approach to the witness. Compare Barmore v. State, 323 Ga. App. 377, 383 (3) (746 SE2d 289) (2013) (declining to conclude that decision to cross-examine witness rather than object to bolstering testimony was unreasonable trial strategy where objection would have been inconsistent with cross-examination of witness).
Trial counsel “is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.” Strickland v. Washington, 466 U. S. 668, 690 (III) (A) (104 SCt 2052, 80 LE2d 674) (1984) (emphasis supplied).
But invoking the words “tactics” and “strategy” does not automatically immunize trial counsel against a claim that a tactical decision or strategic maneuver was an unreasonable one no competent attorney would have made under the same circumstances. “Tactics” and “strategy” provide no talis-manic protection against an ineffective assistance of counsel claim.
Benham v. State, 277 Ga. 516, 518 (591 SE2d 824) (2004) (citation and punctuation omitted). And this court has held that where trial counsel testified that her failure to make a valid objection “did not arise from a strategical decision[, it] follow[ed] that trial counsel’s performance in this regard was deficient.” Arellano v. State, 304 Ga. App. 838, 841 (698 SE2d 362) (2010) (citations omitted). None of the cases cited by the majority require us to assess the reasonability of a decision where, as here, the record shows that no such decision was made.
For this reason, Gilmer overcame “the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.” Strickland, 466 U. S. at 689 (III) (A) (citation and punctuation omitted). See Mann v. State, 252 Ga. App. 70, 73 (1) (555 SE2d 527) (2001) (finding that record did not support state’s contention that trial counsel’s failure to object to bolstering testimony constituted trial strategy, where trial counsel testified that “it was not trial strategy on her part for the jury to hear either witness testify that she believed the victim was telling the truth or that she believed the victim had been molested”).
*606 2. Prejudice.
For Gilmer to satisfy the prejudice prong for ineffective assistance of counsel, the “likelihood of a different result must be substantial, not just conceivable.” Hill v. State, 291 Ga. 160, 164 (4) (728 SE2d 225) (2012) (citation omitted). Nevertheless, his “burden is to show only a reasonable probability of a different outcome in the trial because of trial counsel’s deficient performance, not that a different, outcome would have been certain or even more likely than not.” Cobb v. State, 283 Ga. 388, 391 (2) (658 SE2d 750) (2008) (citations and punctuation omitted). “ ‘A reasonable probability is a probability sufficient to undermine confidence in the outcome.’ ” Miller v. State, 285 Ga. 285, 286 (676 SE2d 173) (2009), quoting Strickland, 466 U. S. at 694 (III) (B).
And this is a case in which we should not be too sure that the outcome is right. As an investigating officer conceded at trial, the boys’ outcries were the only evidence that Gilmer had molested F. P. There was no corroborating physical evidence of molestation. The outcries occurred more than a year and a half after the molestation was alleged to have occurred. The state’s expert witness admitted that the forensic interviews of the boys were not well done; the interviewer asked some leading questions of the boys, did not elicit full disclosures from them, and appeared to confuse the younger boy, W. G., with his questioning. At trial, F. P. gave testimony that contradicted part of his earlier outcry regarding the aggravated molestation; he stated that Gilmer had not succeeded in his attempt to anally penetrate F. P in the shower. And W. G. testified at trial that he did not remember Gilmer doing to him the things that W. G. had described in his outcry. Moreover, there was evidence that the boys disliked Gilmer for a reason unrelated to the alleged molestation; they both had witnessed Gilmer commit acts of violence against their mother, to the point where, at times, the boys felt compelled to defend their mother with a knife.
This court has found bolstering testimony to be particularly harmful under circumstances such as these. In Orr, 262 Ga. App. at 129 (2), we held that where no physical evidence of rape was presented and the only evidence against the defendant was the victim’s testimony, “[a]ny bolstering of that critical testimony was extremely harmful to the defendant.” But for trial counsel’s deficiency in failing to object to the harmful bolstering testimony, we held, “the outcome of the trial could very well have been different.” Id. at 129 (3). Similarly, in Walker v. State, 296 Ga. App. 531, 535 (1) (b) (675 SE2d 270) (2009), we held that a defendant had shown he was prejudiced by his trial counsel’s failure to object to testimony that bolstered the *607 credibility of a molestation victim, where the victim’s testimony was the only evidence that the crime had occurred. In so doing, we noted that, “[i]n cases where we have affirmed convictions despite this type of improper testimony, there has been other evidence of guilt or other testimony which minimized the effect of the improper testimony.” Id. (citations omitted). No such other evidence existed here.
Decided November 18, 2016
Brody Law Firm, Bernard S. Brody, for appellant.
Robert D. James, Jr., District Attorney, Gerald Mason, Elizabeth D. Racine, Assistant District Attorneys, for appellee.
Consequently, “a reasonable probability — a probability sufficient to undermine confidence in the outcome — exists that but for trial counsel’s unprofessional errors [in failing to object to the witnesses’ bolstering testimony], the outcome of this trial would have been different.” Douglas v. State, 327 Ga. App. 792, 802 (2) (b) (iii) (761 SE2d 180) (2014) (citations and punctuation omitted). Gilmer has met his burden of showing that he received ineffective assistance of trial counsel, and his convictions should be reversed for that reason.
I am authorized to state that Presiding Judge Miller and Presiding Judge Phipps join in this dissent.

 The trial court found that the family friend’s bolstering testimony was not responsive to questions from Gilmer’s trial counsel and that trial counsel did not elicit that testimony. However, the trial court also found that, had Gilmer’s trial counsel elicited the bolstering testimony, that act would have been consistent with a reasonable trial strategy of emphasizing the witness’s emotionality and lack of factual knowledge. And the trial court held that, had Gilmer’s trial counsel elicited the bolstering testimony, he could not have objected to it. Gilmer’s trial counsel testified that he neither intentionally elicited the bolstering testimony nor sought it as part of his trial strategy.